SHORT *vs.* KNIGHT.

.APPEAL FROM THE COURT OF THE FIRST DISTRICT.

When there is no written evidence of the auctioneer's authority to sell, or the owner's assent, and the *proces verbal* is made out three or four years afterwards by the clerk of the auctioneer, acting as his attorney in fact, it is insufficient to compel a compliance on the part of the owner of the property.

A tender of the notes or money to a notary not designated to draw up the act of sale, is insufficient to compel the owner to make a title, in compliance with an adjudication.

This is an action to compel the defendant to perfect a sale, and make a title, to a certain lot of ground in New-Orleans, alleged to have been sold at auction, and bid off by the plaintiff for two hundred and seventy dollars, the 15th of January, 1830.

The plaintiff instituted this suit the 15th of April, 1834, to compel a compliance, on the part of the defendant, with the adjudication. He alleges, that he executed an act of sale, and gave his three several notes, for ninety dollars each, endorsed, and payable in one, two and three years, according to the terms of sale, and deposited them with G. R. Stringer, then a notary, and has since deposited the money for the entire price, with F. Grima, the successor of Stringer, but that the defendant has refused, and declines it. He prays that the lot may be decreed to belong to him, and that he have judgment for damages. The defendant, since the alleged adjudication of the lot in question, left the state, and a curator *ad hoc* was appointed to defend, who pleaded a general denial.

The plaintiff produced a certificate of the auctioneer's clerk, made out four years after the date of the adjudication, and signed by the clerk as attorney in fact of the auctioneer, who states, in his testimony, that it was made out by his authority. The auctioneer herein certifies, that on the 15th January, 1830, he sold to Samuel Short, by order of Simeon Knight, at public auction, a lot of ground, for two hundred and seventy dollars, on a credit of one, two and three years,

for his endorsed notes, secured by mortgage. The plaintiff produced the act of sale, which he tendered, and also proved the tender of the notes and money. The act is dated the 15th February, a month after the adjudication, and the money was tendered a long time afterwards. Knight refused, because Short had not complied with the terms of sale.

The district judge was of opinion the certificate of the auctioneer was insufficient, and that the plaintiff had neglected for too long a time to comply, and to procure his title. There was judgment for the defendant, and the plaintiff appealed.

*Preston,* for the plaintiff.

*Elwyn,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment which rejects his demand on the defendant to make him a title to a lot, adjudicated to him at an auction sale of the plaintiff, as the highest bidder.

The auctioneer testified that he sold the lot in question, by order of the defendant, as stated in the *proces verbal* of the sale, as made out by his clerk. This document states that the lot was sold at public auction, by order of Simeon Knight, on the 15th January, 1830, on a credit of one, two and three years.

When there is no written evidence of the auctioneer's authority to sell, or the owner's assent, and the *proces verbal* is made out three or four years afterwards by the clerk of the auctioneer, acting as his attorney in fact, it is insufficient to compel a compliance on the part of the owner of the property.

It appears to us, that the District Court did not err. There is no written evidence of any authority given by the defendant to the auctioneer to sell the lot, or of his subsequent assent thereto. What is presented to us as the auctioneer's certificate, cannot be viewed as the legal document of which the law speaks. It was made out four years after the sale, by a person who informs us he acts for, and as the attorney in fact of the auctioneer, who testifies that it was given by his authority. We agree with the district judge that this certificate, given four years after the adjudication, when all the instalments were due and payable, and when, therefore, the terms of the sale could no longer be complied with;

stating what passed at the sale, from memory, without refer- <span style="float:right">EASTERN DIST.</span>
ence to the auctioneer's book, ought to be disregarded. <span style="float:right">June, 1840.</span>

There is no evidence of any attempt to comply with the
conditions of the sale by giving endorsed notes, except by a
call on *a notary*, who does not appear to have been designated
or authorized by the defendant to draw up the act, or receive
the notes or money. It is true it appears from the evidence,
that after all the instalments were due, the money was left
with the successor of the first notary employed to draw up
the act of sale, and by him tendered to the defendant, who
declined to receive it. This, in our opinion, he correctly did;
for it might have been convenient to sell for notes at one,
two and three years, and otherwise to sell for cash, when the
opportunity he had to use the notes, was past.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.