### Myra Jane Knox *v.* Payne & Harrison.

A mere promise to sell when certain conditions are complied with, does not confer a title, but only creates an obligation which may be enforced by an action to compel a specific performance, or for the recovery of damages.

| | |
|---|---|
| 13 | 361 |
| 45 | 114 |
| 45 | 219 |
| 13 | 361 |
| 50 | 109 |
| 13 | 361 |
| 117 | 284 |
| 117 | 993 |
| 13 | 361 |
| 122 | 113 |

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *J. A. Rozier* and *C. B. Penrose*, for plaintiff. *J. M. Chilton, H. D. Ogden* and *Benjamin, Bradford & Finney*, for defendants and appellants.

46

BUCHANAN, J. The plaintiff claims of defendants thirty-two slaves, by two distinct titles.

1st. By purchase from *Maunsel White*, in 1843.

2d. By testamentary devise from her brother, *Alexander G. Prince*, in 1829.

The claim under the will of the plaintiff's brother, can scarcely be reconciled with the claim set up by her previous pleadings, under the Marshall's sale to *White*, and *White's* agreement to transfer to plaintiff his rights under that sale. For the Marshall's sale was made in execution of a judgment against plaintiff's husband, *Andrew Knox*, and the slaves were levied upon as the property of the defendant in that judgment; as such, they were adjudicated to *White ;* and *White's* title being derived exclusively from *Andrew Knox*, it would seem that plaintiff can scarcely be allowed to dispute the title of *White*, under which she claims. We may dismiss, however, from consideration, the plaintiff's alleged title by inheritance ; for we are satisfied that as the law of Mississippi stood previous to 1839, the ownership of the slaves devised by *Alexander G. Prince* to the plaintiff vested in *Andrew Knox*, plaintiff's husband.

We have, then, only to examine plaintiff's claim under the Marshall's sale to *White*, and *White's* subsequent agreement to transfer to plaintiff the property purchased. The latter instrument is not a sale, but merely a promise to sell when certain conditions shall be complied with. It did not make plaintiff the owner of the property. It gave her only the right of becoming so at a future time. It created in her favor a contingent obligation binding on *White*, which if he refused voluntarily to fulfil, the contingency happening, he could be judicially constrained to a specific performance or be subjected to an action of damages. *Peck* v. *Bemiss*, 10 An. 160.

But, as the matter stands, *White* has never made a conveyance to plaintiff of his rights under the Marshall's sale. Whether he was obliged to do so or not by the fulfilment of the suspensive condition on the part of plaintiff, does not concern us to enquire : as *White* is not a party to this suit. *Mr. White*, it appears, suffered *Andrew Knox* to treat these slaves as his own—to mortgage them for his debts— and finally, after many years, to surrender them to his creditors under the laws of Louisiana, in the parish where both *White* and *Knox* ( and consequently *Mrs. Knox,* ) had their domicil. They were regularly sold by *Knox's* syndic, under an order of court, in this insolvent proceeding; purchased by the defendants; and the proceeds of the sale distributed among *Andrew Knox's* creditors; all this has been done in the presence of plaintiff, and without any opposition on her part. It would be the height of injustice to compel the defendants, after paying their money for this property, to turn it over to the plaintiff, as the holder of an inchoate title, which has never been registered in Washington County, Mississippi, where the plaintiff and her husband originally resided, nor until after the institution of this suit, in the parish of Plaquimines, where the plaintiff resided for ten years previous to her husband's failure. By the plaintiff's own showing, the legal title of these slaves was in *Maunsel White*, and not in herself, when the defendants acquired them at syndic's sale. *Maunsel White*, or his assignee, *Zunts*, was a party to the insolvent proceedings of *Andrew Knox*, and had a distributive share in the proceeds of these slaves. He is therefore concluded from contesting defendant's title if he had evinced any disposition to do so; which he has not. There is no privity of contract between plaintiff and defendants; nor any notice, actual or constructive, of plaintiff's pretensions brought home to them.

If she have any rights she can only execute them against the party with whom

she contracted, in the form of a claim for indemnity for any loss that she may have suffered in the premises.

Judgment reversed; and judgment for defendants, with costs in both courts.