## No. 13,833.

STATE OF LOUISIANA EX REL WILLIAM N. GRUNEWALD VS. THE JUDGES OF THE COURT OF APPEALS FOR THE PARISH OF ORLEANS.

### SYLLABUS.

The Civil District Court having dismissed plaintiff's suit for want of jurisdiction *ratione materiae* by reason of the amount of the matter in dispute not being shown to exceed one hundred dollars, he appealed to the court of appeals. The latter court dismissed this appeal for the reason that the suit was not for the ownership but for the possession of real estate, there being no evidence before it of the value of the "right of possession."

Under such circumstances the Supreme Court will not, under its supervisory jurisdiction, *mándamus* the court of appeals to take jurisdiction of the appeal.

APPLICATION for writ of *mandamus.*

---

*Rufus E. Foster* for Relator.

---

*L. De Poorter* for Respondents.

The opinion of the court was delivered by NICHOLLS, C. J.

STATEMENT OF THE CASE.

NICHOLLS, C. J.   Relator filed a petition in the Civil District Court for the Parish of Orleans, in which he alleged that he was the owner of a certain lot of ground in the Parish of Orleans, which he described, which was well worth the sum of three hundred and fifty dollars; that one George S. M. Gilbert, also a resident of this city, had entered upon the said lot without any right or warrant of law, and had erected thereon a building, and was at present occupying same to petitioner's great detriment; that he had repeatedly notified George S. M. Gilbert to vacate said lot, and to remove therefrom the building erected thereon by him, but that he failed and refused to do so.

That he had had offers for said lot, but had been prevented from selling it by the trespass and occupancy of Gilbert, and had been damaged thereby in the sum of fifty dollars, and which sum he was entitled to recover; that the use of said lot was well worth the sum of five dollars per month and he was entitled to recover that amount from the ninth day of June until the said lot should be vacated.

In view of the premises he prayed for citation on said Gilbert, and that judgment be rendered against him, condemning and ordering him to at once vacate and remove from the property of the petitioner the buildings erected thereon by him, and to pay to petitioner fifty dollars as damages for the trespass on petitioner's property, and five dollars per month for the use of said lot from June ninth, 1899, to date, making thirty dollars, both together being eighty dollars, with legal interest from judicial demand, and for all costs and general relief.

The defendant excepted that the District Court was without jurisdiction *ratione materiae.*   The exception was sustained and the suit dismissed.

The plaintiff appealed the case to the Court of Appeals.   The defendant excepted to the jurisdiction of that court *ratione materiae.* The exception was sustained and the appeal dismissed. Thereupon relator applied to this court for a writ of *mandamus,* directed to the judges of the Court of Appeals, commanding them to take jurisdiction of said appeal.   The judges of the court having been ordered to show cause why the writ of *mandamus* should not issue as prayed for, answered that:

1st.   Because under Art. 98 of the Constitution of 1898, respondents

have no appellate jurisdiction of a demand for possession of property when the value of said possession is below one hundred dollars.

2nd. Because under the allegations of relator's pleadings the ownership of the property of which he demands possession is in no manner involved, and the value of the property can not be made the test of the appellate jurisdiction of respondents' court.

They further referred the court to the reasons assigned by the Court of Appeals for dismissing the appeal found in the copy of its judgment, which relator had annexed to his application for the writ of *mandamus*. In this judgment the court declared that its appellate jurisdiction, where the matter in dispute is less than one hundred dollars, is solely in cases arising in the City Court (Arts. 98 and 143, Constitution of 1898.)

Article 133 of the Constitution of 1898 declares that "The Civil District Court (for the Parish of Orleans) shall have exclusive and general probate jurisdiction in all cases where the amount in dispute or the fund to be distributed shall exceed one hundred dollars, exclusive of interest; and exclusive jurisdiction in suits by married women for separation of property, in suits for separation from bed and board, for divorce, for nullity of marriage, or for interdiction, and in suits involving titles to immovable property, or to office or to other public position, or civil or political rights.; and in all other cases, except as hereinafter provided, where no specific amount is in contest, and of all procedings for the appointment of receivers or liquidators to corporations or partnerships And said court shall have authority to issue all such writs, process and orders as may be necessary or proper for the purposes of the jurisdiction herein conferred upon it."

Article 143 of the Constitution of 1898 declares that "There shall be a First City Court in New Orlans * * * Said court shall have exclusive original jurisdiction * * * in all cases where the amount in dispute of the fund to be distributed does not exceed one hundred dollars, exclusive of interest, including suits for ownership or possession of movable property not exceeding that amount in value; and suits of landlords for possession of leased premises, when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed that amount, subject to an appeal in all cases to the Court of Appeals for the Parish of Orleans"

Article 98 of the Constitution of 1898 declares that "The Courts of Appeal, except as otherwise provided in this Constitution, shall

have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil or probate, when the matter in dispute or the funds to be distributed shall exceed one hundred dollars, exclusive of interest, and shall not exceed two thousand dollars, exclusive of interest. By Article 104 of the Constitution the Courts of Appeal have authority to issue writs of *mandamus,* prohibition and *certiorari* in aid of their appellate jurisdiction.

## OPINION.

Relator sought relief from the action of the Civil District Court, dismissing his suit for want of jurisdiction *rationae materiae* by an appeal to the Court of Appeals for the Parish of Orleans. Unless the latter court had appellate jurisdiction over the action in the Civil District Court, it was powerless to grant relief either by appeal or by *mandamus.* The Court of Appeals declined to pass upon the ruling of the District Court as to its own jurisdiction; and held that relator's suit was a demand for the possession of property, and that it had no appellate jurisdiction of such a demand, when the value of said possession is below one hundred dollars; that its appellate jurisdiction, where the matter in dispute is less than one hundred dollars, is solely in cases arising the City Courts.

The object of relator's suit is to obtain the removal from certain real estate, which he alleges belongs to himself and to be worth three hundred and fifty dollars, of one Gilbert, who he avers had entered upon the lot without any right or warrant of law, and had erected thereon a building, and was occupying the same to his great benefit. In addition to seeking to have the removal of Gilbert from the premises, relator asked judgment against him for fifty dollars by way of damages, and five dollars per month for the use of said lot from June 9th, 1899, to the date of the filing of his suit—that is a judgment of eighty dollars, with legal interest from judicial demand.

The district judge having refused to entertain jurisdiction, for the reason that the matter in dispute was less than one hundred dollars, and, therefore, less than the amount needed to give his court original jurisdiction, we looked at once to see whether it was an action such as would fall under the original jurisdiction of the First City Court. Relator's suit is not one for the ownership or possession of movable property not exceeding one hundred dollars, nor is it, under the allegations of relator's petition, a suit by a landlord for the posses-

sion of leased premises, for no lease of any kind is referred to. Reference being made in the article of the Constitution, defining the jurisdiction of the City Court, only to suits for the ownership or possession of movable property and only to suits for the possession of real estate in the special case of leased premises, we think that suits touching the ownership or possession of real estate, other than suits of the

If this be true, the Court of Appeals could not have appellate jurisdiction of that court.

If this be true, the Court of Appeals could not have appellate jurisdiction over relator's action, as one to be taken to it by appeal from the City Court. If the City Court has no original jurisdiction over the relator's action, he would be without any court of jurisdiction whatever, to which to have recourse, unless the Civil District Court were open to him. Viewing relator's demand solely from the standpoint of the monied demand which he makes against Gilbert, the Civil District Court would have no jurisdiction, but the City Court would; but viewing the money demand in connection with and incidental to a demand for judgment condemning Gilbert to remove from the real estate, the City Court would have no jurisdiction of the suit in its entirety, for it has no power to enter a decree for the possession of immovable property, and unless the Civil District Court have jurisdiction, relator would be left remediless, as we have said.

In defining the jurisdiction of the Civil District Court Article 133 declares that it shall have jurisdiction "in all other cases (than those specified) where no specific amount is in contest." We think that under that clause of the article relator's demand for a judgment of ouster against Gilbert, coupled with his monied demand, might give the Civil District Court original jurisdiction; that the specific amount in money in contest might not exclude consideration of the other feature of the case for the purpose of fixing jurisdiction. Reaching this conclusion absolutely would not determine, however, the particular issue presented to us on this application, for, granting that the Civil District Court has original jurisdiction of the case, it would not necessarily follow that the Court of Appeals has appellate jurisdiction over it.

In their reasons for declining to pass upon the question of its own jurisdiction, decided by the Civil District Court, that court says:

"The petition clearly intimates platintiff's estimate of the value of the possession to be restricted to the amount claimed as damages, and as damages for the use of a specified time of six months. Our appellate

jurisdiction, where the matter in dispute is less than one hundred dollars, is solely in cases arising in the City Court. Though the property is alleged to be worth $350, the issue tendered us is not one of ownership, but of possession. The title could only be considered incidentally as fixing the character of the possession (48 Annual, 417), and the value of the right of possession must be the test of jurisdiction (50 Annual, 162.)

This court has on several occasions recognized the difference between the value of the right of possession "and the right of ownership" as affecting jurisdiction, and declared that the value of the property, whose possession was in controversy, was not the test of the value of the right of possession. (See 52 Annual, 704, Macedonia Baptist Church vs. Dickerson, and authorities cited). Relator placed his case on appeal before the Court of Appeals (so far as the record shows) without affidavit or evidence of any kind showing the value of the "right of possession" to be for an amount greater than the monied demand claimed in his petition.

Therefore, there was nothing to disclose to that court that "the matter in dispute" was over one hundred dollars, and such evidence lacking, it dismissed the appeal. Relator applied for a rehearing, but still did not (so far as the record shows) supplement the averments of his petition by any affidavit or showing of additional value. We can not say that under such circumstances the Court of Appeals erred in dismissing the appeal. We understand from the record that the appeal was not dismissed on motion *in limine,* but after an examination of the pleadings and the evidence before it. We should not, as matters stand, direct a *mandamus* to issue to the Court of Appeals. If wrong there be, up to the present time, it is wrong on the part of the Civil District Court in refusing to entertain orignial jurisdiction. This court itself, up to the present, is unable to say whether, in point of fact, the Court of Appeals had appellate jurisdiction. On the face of the papers in that court, the Civil District Court, we are inclined to think, had original jurisdiction. In view of the possibility of the Court of Appeals being able to sustain its action relator applied contingently to this court to issue a *mandamus* to the judge of the Civil District Court, Division "B," commanding him to take jurisdicton of the cause.

Action on that application was, of course, postponed until the situation of the cause with reference to the Court of Appeals

should first be disposed of. Being of the opinion that relator's application for a *mandamus* to the Court of Appeals is not well grounded, that branch of the application as presently based, is refused. It is ordered that the judge of the Civil District Court, Division "B," do show cause within ten days from the service of this order upon him, why a writ of *mandamus* should not issue to him as prayed for in relator's petition.