No. 9765.

Orleans Appeal.

CHAS. J. BABST v. MRS. CORA HARTZ, ET AL., Appellants.

(January 19, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1.—Louisiana Digest—Courts—Par. 144; Appeal—Par. 25, 43.

Where the issue in a case is not the ownership of property but the right of possession thereof, it is the value of the right of possession and not the value of the property which determines the question of jurisdiction of the Appellate Court.

2. Louisiana Digest—Appeal—Par. 46.

An appeal from a judgment in a reconventional demand follows the jurisdiction of the main demand.

(Art. VII, Sec. 1, Constitution of 1921. Editor's note.)

3. Louisiana Digest—Sales—Par. 47.

Under the jurisprudence a promise of sale amounts to a sale only in this sense that it entitles either party to enforce specific performance; but a promise of sale is not translative of the property and does not change the ownership of it even between the parties.

(Civil Code, Art. 2462. Editor's note.)

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

This is a suit for the possession of the property No. 4826 Pitt street. This came up on a motion to dismiss founded on jurisdiction.

Motion to dismiss denied.

Francis P. Burns, attorney for plaintiff and appellee.

Chas. Louque, attorney for defendant and appellant.

CLAIBORNE, J. This is a suit for the possession of the property No. 4826 Pitt Street.

Plaintiff avers that he purchased said property from T. W. Hooley on September 20, 1923, and that it is worth $7,000; that since October 1, 1923, the defendants have been occupying said property to the exclu-sion of plaintiff without any title as own-ers, or as lessees, or permission from plaintiff, nor are they willing, nor have they agreed, to pay any rent for the occupancy of said property; and that they have re-fused to remove from said property though requested so to do by plaintiff, and have refused to pay rent; that he is damaged to the extent of $50 a month.

He prays for judgment recognizing him as owner of said property and commanding the defendants to remove from his prop-erty and to restore possession thereof to him, and for $50 per month rent from October 1, 1923, until the defendants de-liver the property to him.

The three defendants severed in their answer.

Gladys Hartz claimed to be the owner of the property by virtue of the following document:

"New Orleans, La., October 18, 1923. O. V. Cooper, Agent. Dear Sir:

I offer to buy the 4826 Pitt Street, single, two-story, 35x110, or at least 8-foot drive-way on downtown side of house, for the sum of Sixty-two Hundred and Fifty Dol-lars on terms of all cash * * * sidewalks and driveway to be put in by present owner * * * Act of sale to be passed be-fore Homestead Notary within 30 days at expense of purchaser.

Possession to be given at time Act of Sale is passed. If this offer is accepted I will deposit $250 immediately with you as part of the purchase price, which deposit is to be non-interest bearing and is not to be earnest money; either party hereto re-serving the right to demand specific per-formance, etc.

(Signed)  GLADYS HARTZ."
"New Orleans, La., 10/18/1923. O. V. Cooper, Agent.
Accept the above offer.
(Signed)  CHAS. J. BABST."

The defendant further alleged that no act of sale was signed because plaintiff in-sisted on selling 35 feet front on Pitt Street which did not give an eight-foot driveway, and that he prepared an act to that effect

which defendant refused to sign; that on April 28, 1924, defendant then tendered to the plaintiff an Act of Sale in strict conformity with the written agreement of October 18, 1923, that is 35 feet by 110 feet or at least 8-foot driveway on downtown side of house, which plaintiff refused to sign, and made an actual tender of $6,250 to the plaintiff which he refused to accept.

The defendant further alleged that she occupied said house as owner and was in no way bound to pay rent; that she gave her consent to have her mother, Mrs. Cora E. Hartz, and her brother, Julius Hartz, the other two defendants, occupy the house; she admitted she had no lease and required none since she was the owner of the property by virtue of the above document and that she owes no rent.

She therefore prayed that plaintiff's suit be dismissed, and in reconvention for judgment in her favor ordering the plaintiff to sign the Act of Sale prepared by her, and that the property above mentioned be declared to belong to her as of date October 18, 1923.

The other two defendants, Mrs. Cora E. Hartz and Julius Hartz, admitted that they had no title to the property, nor any lease, and that they occupied the property by the consent of the owner, Gladys Hartz, to whom the plaintiff sold the property by virtue of the document dated October 18, 1923, and they prayed for the dismissal of the suit.

The plaintiff then moved to strike out from the answer of Gladys Hartz all allegations in her said answer supporting a demand in reconvention for specific performance of the contract alleged in the answer.

The rule was made absolute and all allegations in support of the reconventional demand were ordered stricken out.

On the trial of the merits there was judgment in favor of plaintiff recognizing him to be the owner of the property and entitled to the possession thereof, and condemning the defendants to be ejected therefrom and to pay plaintiff from November 18, 1923, $50 per month until they shall have removed from the property.

The defendants have taken a suspensive appeal from said judgment returnable to this Court.

In this Court a motion is made to dismiss the appeal or to transfer it to the Supreme Court on the ground that this Court is without jurisdiction ratione materiae for the reason that "this is a suit for the recognition of title to, and possession of, certain real estate brought by mover; that the admitted value of said real estate is above $2,000, etc."

As a general rule the jurisdiction of a court is determined by the prayer of the petition. But this conclusion may be modified by the allegations of the answer, or by other pleadings affecting the "amount in dispute". Thus in Crowell vs. Lynch, 157 La. 21, 101 South. 797, the court said:

"The test of jurisdiction of an Appellate Court, so far as it is determined by the amount or value in contest, is not the amount or value sued for, but the amount or value remaining in contest when the case has been submitted for decision in the Court of original jurisdiction." Wolf vs. Thomas, 137 La. 833, 69 South. 269; Tremont Lumber Co. vs. Talbot, 140 La. 887, 74 South. 183; Crawford, Jenkins & Booth vs. Fisher, 144 La. 130, 80 South. 224; Norwood vs. Lake Bisteneau Oil Co., 145 La. 823, 83 South. 25.

In that case the suit was a petitory action to recover 80 acres of land alleged to be worth $4,000. The defendant acknowledged plaintiff's ownership, but claimed $1,000 in reconvention for improvements he had made. The Supreme Court said that the reconventional demand was the "only matter at issue", and therefore transferred the case to the Court of Appeal.

"In the case before us the plaintiff alleges himself owner of property worth $7,000, asks to be recognized as such and to be put in possession thereof, and for rent at $50 a month from October 1, 1923.

The defendants admitted that plaintiff had been the owner of the property, but that he had transferred his ownership thereof to one of the defendants by virtue of the document dated October 18, 1923, mentioned above.

By offering to purchase from the plaintiff the defendants admitted that plaintiff had been the owner. The question now arises has the document of October 18th the effect of transferring the ownership from the plaintiff to the defendant?

This document is merely an "offer to buy" made by defendant and an acceptance of "the offer" made by the plaintiff. It did not amount to a sale. By that acceptance the plaintiff did not transfer the ownership of the property, nor did the defendant acquire the ownership of it. It was not until the offer and the acceptance had been consummated by an act of sale that the ownership passed from one to the other. But before this consummation took place the parties disagreed as to the meaning of the document, and each refused to execute it as the other understood it.

The jurisprudence is that neither a mutual agreement to sell and buy, nor a mutual promise to sell and buy, transfers ownership.

"A promise to sell when the thing to be sold and the price of it are agreed upon, is so far a sale that it gives to either party a right to claim, recta via, the delivery of the thing or payment of the price; but such a promise does not place the thing at the risk of the promissee, nor does it transfer to him the ownership or dominion of it." McDonald vs. Aubert, 17 La. 448. Affirmed in Short vs. Knight, 15 La. 483; Fernandez vs. Soulie, 28 La. Ann. 34; Edward Foreman vs. W. G. Saxon, 30 La.

Ann. 1117; Broadwell vs. Raines, 34 La. Ann. 677; Thompson vs. Duson, 40 La. Ann. 712, 5 South. 58; Myra Jane Knox vs. Payne & Harrison, 13 La. Ann. 361; Capo vs. Bugdahl, 117 La. 995, 42 South. 478; Lehman vs. Rice, 118 La. 975, 43 South. 639; Bennett vs. Fuller, 29 La. Ann. 663. Manning U. C. 365.

"This reciprocal promise of sale did not make Peck the owner of the land. It gave him only the right of becoming so at a future time * * * . Until a voluntary or forced execution of the promise, the ownership did not pass to Peck." Peck vs. Bemiss, 10 La. Ann. 160.

"It (a promise of sale) produces only such an obligation as may be specifically enforced, but does not absolutely convey the property, or confer upon the promissor the rights of a vendor." Collins vs. Desmarest, 45 La. Ann. 108 (114), 12 South. 121.

"By a settled jurisprudence a promise of sale means no more than that the contract is susceptible of specific enforcement, 117 La. 276, 41 South. 572; Girault vs. Fuicht. It does not mean that the buyer becomes owner of the property, or debtor for the price. Baldwin vs. Morey, 41 La. Ann. 1105, 6 South. 796, and cases there cited." Barboy Co. vs. St. Louis, 121 La. 152 (167), 46 South. 193.

"Under the jurisprudence a promise of sale amounts to a sale only in the sense that it entitles either party to enforce specific performance; but a promise of sale is not translative of the property and does not change the ownership of or dominion over the thing, even as between the parties, or put the thing at the risk of the promissee." Caire vs. Mutual Assn., No. 7315 Ct. App.

"A written contract whereby the owner of property agrees to sell it and another agrees to buy it, the act of sale to be passed within a stated time, is not a complete sale, but only an agreement for the sale." Maloney vs. Aschaffenberg, 143 La. 509, 78 South. 761.

The document dated October 18, 1918, contains this clause: "Act of Sale to be passed before Homestead Notary within 30 days." In Thompson vs. Milue, 9 La. Ann. 84, the Court said:

"So if the agreement to sell contains a clause that an authentic act shall be passed * * * creditors of the vendee are informed that the Act must be passed * * * before the sale is perfect between the parties." Also Bennett vs. Fuller, 29 La. Ann. 663.

Having disposed of the question of ownership, the only remaining questions in dispute are the right of possession and the amount of rents claimed.

"Where the issue between the parties to a suit is not the right of ownership, but the right of possession, and the value of the latter right is as to amount below the appellate jurisdiction of the Supreme Court, an appeal taken to that Court will be dismissed ex proprio motu." In re Genella. 45 La. Ann. 1377, 14 South. 302.

"Where the issue in a case is not the right of ownership of specific property, but of the possession thereof, it is the value of the latter right which determines the jurisdiction on Appeal of the Supreme Court. Lea vs. Orleans, 46 La. Ann. 1444 16 South. 456.

"The suit being one for possession, its value and not the value of the property, is the test of jurisdiction." Norwood vs. Wimby, 104 La. 647, 29 South. 311; State vs Judges of Court of Appeal, 105 La. 217, 29 South. 816.

The value of that possession in this case is below $2,000.

The authorities quoted by plaintiff all refer to petitory actions where title to property exceeding $2,000 was involved.

The reconventional demand of defendant praying for a specific performance follows the jurisdiction of the main demand.

Article VII, Sec. 1 of the Constitution of 1921, p. 35, reads as follows:

"In all cases where there is an appeal from a judgment on a reconventional demand, the appeal shall lie to the Court having jurisdiction of the main demand."

We therefore conclude that the appeal was properly made returnable to this Court and the motion to dismiss is denied.