No. 9967.
Orleans Appeal.

MRS. ADOLPH J. MUNCH v. CENTRAL LAUNDRY CO., LTD., Appellant.

(April 13, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Marriage—Par. 154.** Clothing of the wife paid for by the husband belongs to the community.
   (Civil Code, Art. 2402. Editor's note.)

2. **Louisiana Digest—Marriage—Par. 265.** The husband alone can sue for damage to community property and the wife though authorized by her husband cannot maintain a suit upon a community debt.
   (Civil Code, Art. 2315. Editor's note.)

Appeal from First City Court, Hon. W. Alexander Bahns, Judge.

This is a suit for damages to a dress ruined by a laundry.

Defendant filed an exception of no cause of action which was overruled.

Judgment for plaintiff. Defendant appealed.

Judgment reversed.

Dart & Dart, Louis C. Guidry, attorneys for plaintiff and appellee.

B. Y. Wolf, attorney for defendant and appellant.

WESTERFIELD, J. Plaintiff, a married woman, brings this suit against defendant, a local laundry company, for the sum of $225.00, alleging that a dress belonging to her and valued at this amount was ruined by defendant, the dress having been sent to defendant to be dry cleaned.

Defendant filed an exception of no cause or right of action and at the same time, following the practice of the First City Court, answered denying liability.

There was judgment for plaintiff in the sum of $200.00 and defendant has appealed.

The exception of no cause or right of action was based upon the contention that the dress was community property and any damage to it could only be claimed by the husband as head and master thereof and upon the further contention that plaintiff had failed to allege that the dress, when given to defendant for cleaning, was in good condition.

Upon the trial of the case Mr. Munch was asked by the court whether he had authorized his wife to bring the suit and, over objection of defendant's counsel, he replied in the affirmative. Mr. Munch also testified that he had paid for the dress.

Two questions are presented by this exception: 1st. Is the clothing of the wife when paid for by the husband the property of the community? 2nd. Can the wife, when authorized by the husband in the manner as was done in this case maintain an action for a community debt?

In the case of Shields vs. F. Johnson & Co., 132 La. 774, 61 South. 787, the court held, in referring to an exception of no cause of action:

"This exception is aimed, in part, at those items of damages set forth in the petition for doctor bills, nurse bills, drug bills, clothing and hospital ambulance service connected with the injury alleged by plaintiff."

"These are expenses of the community for which the husband is responsible and he alone can recover therefor. As the case is to be remanded, it is unnecessary now to dispose of this point, beyond sustaining the exception to those items in the wife's original petition."

Whatever may have been the effect of the husband's testimony to the effect that he authorized his wife to bring the suit it can do no more than supply the omission of such allegation in the petition and the absence of his signature thereto for that purpose. But the wife, even though authorized by the husband, cannot sue for a debt due the community.

In the case of Mitchel vs. Dixie Ice Co., Inc., 157 La. 383, 102 South. 497, the court said:

"In suits for damages for injuries suffered by the community this court has never held that the mere assent of the husband is sufficient, or that the wife alone can judicially vindicate the rights of the community. There is a uniform and unbroken line of decisions to the contrary, all holding that in suits of this character the wife is not competent to stand in judgment and that the suit must be brought in the name of the husband.

"Williams vs. Pope Mfg. Co., 52 La. 1427, 27 So. 851; 50 L. R. A. 816; 78 Am. State Rep. 390, and authorities therein cited."

For the reasons assigned the judgment appealed from is reversed and it is now ordered that the exception of no cause or right of action filed herein by defendant be maintained and plaintiff's suit dismissed.