RICHARDSON v. CALOVELLO, Appellant

(June 21, 1926. Opinion and Decree.)
(July 5, 1926. Rehearing Denied.)
(October 5, 1926. Writs of Certiorari and Review denied by Supreme Court.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Sales—Par. 177.

A prospective purchaser, under an agreement of sale, who takes possession of the property to be sold owes rent during the time of his occupancy if the sale does not take place.

Appeal from the First City Court, Division "A". Hon. W. Alex Bahns, Judge.

Action by F. Rivers Richardson against Widow R. Calovello.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Wm. H. Talbot, of New Orleans, attorney for plaintiff, appellee.

Theo. Cotonio, of New Orleans, attorney for defendant, appellant.

OPINION

CLAIBORNE, J. This is a suit for rent. Plaintiff averred that on July 2, 1924, he agreed to sell to the defendant the property, No. 1135 Royal street, for the price of $5400.00, and in order to bind the sale the defendant deposited in his hands $800.00 on account of the purchase price; that the defendant refused to execute the agreement of sale, and on May 22, 1925, was formally put in default; that with plaintiff's permission the defendant on January 11, 1925, moved into the property and has since occupied the same; that plaintiff is entitled to recover the rent of the property for its use and occupancy, and that the same is worth $50.00 per month; that the defendant has paid $50.00 on account of the rent; plaintiff claims rent from January 11, 1925, when defendant took possession, until July 11, 1925, or the period of six months, or $300.00, subject to a credit of $50.00.

The defendant filed an exception to the jurisdiction of the court and on July 21 and on July 28 exceptions of no cause of action, no right of action and non joinder of parties.

On October 7, 1925, the exception filed July 21 and 29 (28) were maintained and the plaintiff's suit was dismissed. He appealed.

On appeal, this court under No. 10,293 maintained the jurisdiction of the city court and decided that the petition disclosed a cause of action, and remanded the case for trial upon the merits and answer.

On the trial of the merits there was judgment for plaintiff and defendant appealed.

The defendant's answer includes "fourteen" reasons marshalled in "fourteen" paragraphs why plaintiff should not recover.

We shall dismiss the following:

1st and 2nd. That the document annexed to the petition purporting to be the agreement of sale has been altered and the alteration renders the sale null and void.

3rd. That the plaintiff is not the owner of the property; that his title is illegal.

4th. That the property is in a dilapidated condition.

5th. That her signature to the agreement of sale was obtained through false representations.

6th. That it was represented to her that the owner of the property would make repairs to it.

We cannot consider those portions of the answer attacking the agreement of sale as this suit is not to enforce the agreement of sale but only to collect rent, resulting from the occupancy of the property.

Nor can the defendant dispute plaintiff's title to the property, for the same reason, and for the additional reason that in a suit for rent the title to the property is not an issue.

Nor can an occupant of property refuse to pay rent for the reason that the property is in need of repairs.

The only defense that can be examined is the following:

5th. "Defendant denies that she is occupying the property and avers the truth to be that Mr. Edmiston induced her daughter who is of age and married to occupy the property, by the false representation that the sale to defendant of said property was about to be completed."

6th. "Defendant denies that the amount sought to be recovered from her as rent is a fair value for the occupancy of the property and specially denies that the occupancy of said property is worth $50.00 per month and defendant denies that she is occupying said property."

9th. Defendant further avers that the said Edmiston and the Liberty Realty and Securities Co. secured from defendant the further sum of $50.00, representing the same was necessary to cover the expenses of securing the homestead loan.

10th. That said Edmiston never used the sum of $50.00 for the purpose stated by him to defendant, and, therefore, same was secured by false pretenses.

5th. The testimony of S. V. Edmiston, real estate agent, establishes with certainty that he effected the sale of the property to the defendant, and had dealings concerning the sale with the defendant only and not with her daughter; although her daughter was constantly with her; that the defendant asked permission to occupy the premises which was granted and that her daughter moved into the premises and has occupied them ever since. Woodcock vs. Baldwin, 110 La. 270, 34 So. 440; Babst vs. Hartz, 1 La. App. 498.

6th. Edmiston's testimony also is that the rental value of the property is $50.00 per month. The price of the property justifies the rent. It was rented at that price prior to the occupancy of defendant. There is no evidence to the contrary.

10th. When asked if it was not a fact that the $50.00 was paid by defendant to secure the expenses to procure a loan for the homestead, Edmiston answers: "That is absolutely untrue, I absolutely deny that; there was nothing said about that."

The evidence satisfies us, as it did the trial judge, that the defendant's daughter

took possession of the property and occupied it for account of her mother, the defendant.

Defendant's daughter took possession of the property in January, 1924, and has occupied it since. Plaintiff has received no rent during that time except $50.00. The trial judge was of the opinion that the defendant owed the rent and so are we.