### No. 10,397

### Orleans

---

## PONCET v. SOUTH N. O. LIGHT AND TRACTION CO.

---

(July 14, 1927.   Opinion and Decree.)
(August 1, 1927.   Rehearing Refused.)
(October 6, 1927.   Writ of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Damages—Par. 88, 89.**
When doctor and drug bills are claimed as elements of damages for physical injuries, it is not essential to prove that they have been paid; it is sufficient to prove a liability therefor.

2. **Louisiana Digest—Marriage—Par. 265, 268, 269.**
In case of community the husband alone can sue for and recover such damages.

3. **Louisiana Digest—Marriage—Par. 277; Pleading—Par. 63, 67.**
A suit by the wife although authorized by her husband to recover such damages

cannot be the basis of lis pendens or res judicata to a suit by the husband for the same.

Appeal from Civil District Court, Hon. Wm. H. Byrnes, Jr., Judge.

Action by William Poncet against South N. O. Light and Traction Co., appellant.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Habans and Coleman, of New Orleans, attorneys for plaintiff, appellee.

E. Howard McCaleb, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This suit is a sequel of the case of Mrs. Theresa Poncet vs. South New Orleans Light and Traction Co., No. 9949 of the docket of this court, reported in 3 La. App. 64. In that case the plaintiff alleged that while a passenger on the Gretna car No. 9, operated by the defendant, she was struck on the right wrist by the falling of the screen used in cars for the purpose of separating the white from the colored passengers, and was seriously injured.

There was judgment in her favor for $1,000, which was affirmed by the Court of Appeal.

In the case under consideration the plaintiff, the husband of Theresa Poncet, claims $1,070 damages for this: That on account of said injury to his wife, she was compelled to have her arm again bound in splints over a period of four weeks, that she underwent medical treatment and was unable to discharge her domestic duties and plaintiff was obliged to incur the additional expense of employing others to attend to her duties during her period of suffering. He claimed the following items of damage, viz:

For medical treatment _____ $300.00
Medicines and appliances ____ 50.00
Help for household duties
  during one year _____ 720.00
                        _____
       Total_____$1,070.00

The defendant excepted: 1st, that the petition disclosed no right or cause of action; and 2nd, upon the trial of the case in the district court and in this court, it interposed the peremptory exception of res adjudicata and lis pendenes and estoppel, founded upon the record in the first suit of Theresa Poncet against this defendant.

The exceptions were overruled and we think properly.

1st: In the case of Mistress Shields vs. Johnson, 132 La. 773, the plaintiff sued "for doctor bills, nurse bills, drug bills, clothing, and ambulance service connected with the injury alleged by plaintiff".

The court maintained an exception of no cause of action on the ground that "these are expenses of the community for which the husband is responsible; and he alone can recover therefor". See also 46 Ann. 1429; Munich vs. Central Laundry Co., 2 La. App. 123; Richardson vs. Calovello, 5 La. App. 56; 62 Pac. 315; 7 N. E. 375; 135 Ala. 147, 33, 335; 46 N. E. 1063; 14 Colo. App. 152, 59, 476; 88 N. W. 337.

2nd: The exceptions of lis pendens, res judicata and estoppel are based upon the same conditions.

"There is a strong analogy between the pleas of lis pendens and res judicata, and it is fair to inquire whether judgment in the former case would be res judicata in the latter." Cross on Pleadings, p. 171.

Inasmuch as the wife had no right to sue or recover for the items of doctor bills and others claimed by her in her suit, it

cannot be said that her petition for the same or the judgment rejecting her claim for the same can constitute lis pendens or res judicata against a demand for the same by the husband in a subsequent suit. C. C. 2286; C. P. 335.

Nor does it make any difference that the husband joined the wife in the first suit. Such are the decisions. Mitchell vs. Dixie Co., 157 La. 383, 102 So. 497; Munich vs. Central Laundry Co., 2 La. App. 123.

The defendants pleaded practically a general denial. There was judgment for plaintiff for $350.00.

The defendant has appealed.

As to the claim for the doctor it is immaterial whether plaintiff has paid it. In cases of injunctions it is not essential that the plaintiff should have paid the attorney's fees. It is sufficient that he has become liable for them. Tessier Dig., p. 88; Meaux vs. Pittman, 35 La. Ann. 360.

In this case the doctor sent a bill for $300 and the obligation of the defendant to pay it follows.

The expense for medicines and liniments was at least $50; the wife paid cash for them; there is no evidence that the wife owned separate property; the presumption is that she disbursed community money for which the husband is entitled to be reimbursed. The husband testified that he gave his wife the money to pay for the drugs.

The trial judge rejected the claim for help for household duties for one year, $720. The plaintiff has asked for an increase of the judgment to that amount. There is some inconsistency between the witnesses as to that item and some improbability as to its payment and the amount thereof. Neither the alleged all-around colored servant, nor the colored boy, has testified.

Their absence weakens plaintiff's case.

The judgment does not appear to us manifestly erroneous and it is therefore affirmed.