GIROIR v. VEITH ET AL.

---

(December 16, 1929.  Opinion and Decree.)
(January 13, 1930.  Rehearing Refused.)
(March 12, 1930.  Writ of Certiorari and
Review Refused by Supreme Court.)

---

Legier, McEnery & Waguespack, of New Orleans, attorneys for plaintiff, appellee.

Johnston Armstrong, of New Orleans, attorney for defendants, appellants.

WESTERFIELD, J.  Plaintiff entered into an agreement with Joseph Fank, through his agent, Philip Veith, for the purchase of certain real estate belonging to Joseph Fank and other members of his family in indivision.  Pursuant to the terms of the agreement, plaintiff deposited with Fank's agent, Veith, $250, that amount representing 10 per cent of the purchase price. Subsequently, for reasons which we are not now concerned with, the title to the property was rejected, and this suit was brought against Fank and Veith for the return of the deposit of $250.

Veith answered, acknowledging receipt of the deposit, and asked that all the owners of the property which plaintiff had agreed to purchase be made parties to the suit.  Jos. Fank, and his co-owners, who had been impleaded as heretofore stated, answered, admitting substantially the allegations of plaintiff's petition, and urging certain special defenses to plaintiff's demand, which need not now be considered, since in this court they are not pressed. By way of reconventional demand a claim was made for rent of the premises, which plaintiff had agreed to purchase, aggregating $250, the exact amount of the deposit.

The only question before us is the reconventional demand of defendants.

The property which Giroir, the plaintiff, had agreed to buy, consisted of a lot 32 feet, 6 inches front by 127 feet, 2 inches and 4 lines in depth, on Fourth street in the city of New Orleans, on which had been erected a dwelling.  It appears that plaintiff demolished certain buildings which he owned, and salvaged some of the material consisting of door frames and lumber, which were hauled to the property on Fourth street and stored in the back yard. This building material remained on the premises for a period of ten months, and this circumstance, it is claimed, amounted to taking possession of the premises,

which, they say, was well worth the sum of $25 per month, for which they ask judgment.

We are referred to Babst vs. Hartz, 1 La. App. 498, and Richardson vs. Calovello, 5 La. App. 55. These cases hold that a prospective purchaser who takes possession of the property which he proposes to buy owes rent to the owner during the time of his occupancy, if the sale does not take place. If the plaintiff in this case can be said to have taken possession of the property, defendants' claim would be justified under the authorities cited.

The record shows that plaintiff did not, at any time, occupy the dwelling, and his possession and occupancy is solely based upon the fact that the building material was placed in the yard. There was an effort made to show that plaintiff had caused the doors and other openings of the house to be nailed up, but it falls far short of proof.

Giroir was a neighbor of Fank, and on very friendly terms. He testifies that Fank gave him permission to store the lumber in the yard, and that it was placed there with Fank's aid, and that Fank helped to unload the drays.

The trial court, in considering the testimony of Fank and Giroir, evidently concluded that the evidence did not establish Giroir's possession, since the reconventional demand of defendants was dismissed. It seems to us also that the mere storing of building material on the premises with the consent of the owner is insufficient to establish possession and occupancy of the premises involving liability for rent. We are therefore of the opinion that the judgment appealed from is correct.

For the reasons assigned, the judgment appealed from is affirmed.