Harris vs. Stockett.

## No. 8787.

### J. L. HARRIS VS. L. E. STOCKETT.

An interlocutory decree in the lower court, sustaining plaintiff's motion to strike out of defendant's answer a reconventional demand, not signed by the Judge, is not an interlocutory judgment causing the defendant an irreparable injury, and is, therefore, not appealable.

When, in a petitory action, the defendant claims possession and use of a portion of the property in suit, under a contract or agreement with plaintiff, the title to the property and the possession of the main portion of the same are no longer in dispute, and will, therefore, not be considered as a part of the matter in dispute, which is thus restricted to the value of the right of occupation set up by the defendant.

APPEAL from the Fifteenth District Court, Parish of Pointe Coupée. *Voist*, J.

---

*Farrar & Montgomery* and *W. W. Leake* for Plaintiff and Appellee :

An interlocutory order, not clothed with the forms of a final judgment and not signed by the Judge, cannot be appealed from. C. P. 566; 20 An. 499, 583; State ex rel. Kerd vs. Judge 8th Dist., East Carroll, not reported.

An interlocutory judgment can be appealed only when such judgment may cause an "irreparable injury." C. P. 566; 15 An. 336; 21 An. 634.

When defendant has confessed, or judicially admitted the demand of plaintiff, cannot appeal. C. P. 567; 20 An. 137.

Supreme Court is without jurisdiction to try a reconventional demand for five hundred dollars.

A moneyed demand cannot be pleaded in reconvention or compensation against an action for title in a petitory action, even against a non-resident. C. P. 376; 17 La. 181; 26 An. 38; 30 An. 1140.

The opinion of counsel, that a case could not be tried at the next term of court, is no excuse to a party who, in consequence, neglects to be ready for trial, and is no ground for a continuance.

A claim against a commercial firm cannot be pleaded in reconvention against an individual member of the firm.

*Hewes & Parlange* and *B. R. Forman* for Defendant and Appellant.

Admission by defendant of parts of the claim sued for will not prevent defendant from appealing, unless plaintiff, upon confession, takes partial judgment for the amount confessed. Blache vs. Aleix, 15 An. 50; Conners vs. Ins. Co., 22 An. 330.

The amount due at the institution of the suit constitutes the matter in dispute; Wolff vs. Witherel, 21 An. 25; and not the amount left after illegal orders to strike out. The amount sued for renders the case appealable. Blum vs. Sallis, 24 An. 118.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. This case comes to us on two separate appeals taken by the defendant in a petitory action brought against her for the recovery of a plantation alleged to be illegally in her possession.

Her first appeal was taken from an interlocutory order or decree sustaining a motion of plaintiff to strike out of her answer a large reconventional demand, on the ground that the acts and dealings

making the foundation of her demand were transactions of hers with two distinct commercial firms of which plaintiff had in turn been a member, and that her demand could not be entertained in the absence of the other members of said firms as parties to the suit.

Appellee's ground, that such an interlocutory order is not appealable, because it does not cause appellant an irreparable injury, is well taken.

If the Judge erred in sustaining plaintiff's motion to strike out the reconventional demand, his ruling could have been reviewed in an appeal from the final judgment in the case, and if erroneous, the ruling would have been reversed and the cause remanded, for the purpose of reinstating the reconventional demand for trial and adjudication. Hence, it follows that the injury complained of by appellant was not irreparable.

In the case of Fields, tutrix, vs. Gagné and wife, 33 An. 349, we reaffirmed the rule that, in such cases, " if the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory order or decree complained of, the injury to either party is clearly not irreparable and, therefore, the right to appeal does not exist." C. P. Art. 566; State ex rel. Selles vs. Judge, 33 An. 1283.

It further appears that the order complained of does not purport to be a judgment or finality; that it was not signed by the Judge, and was entered on the minutes as an ordinary interlocutory order during the process of a trial.

If it was intended as a judgment, final as to the issue thereby disposed of, it is unappealable, because it is not signed; if intended to be merely interlocutory, liable to be set aside by the court which rendered it, it is unappealable, because it cannot cause the party aggrieved thereby an irreparable injury.

The second appeal is taken from the final judgment rendered against the defendant in the case.

An outline of the pleadings will facilitate a proper appreciation of the ground urged for the dismissal of that appeal.

In her answer to plaintiff's petition the defendant claims the right of possessing and enjoying, under an agreement with plaintiff, the dwelling house and appurtenances, and of fifty acres of cleared lands of the plantation sued for, and of certain animals and farming implements thereto belonging, during the year 1882. She further sets up an agreement under which plaintiff had bound himself to make to her the necessary advances of money and supplies for the proper cultivation of the lands thus reserved for her use; and alleging plaintiff's

Bank vs. Huppenbauer.

failure to comply with his contract for said advances, she claims of him in reconvention damages in the sum of five hundred dollars, and she specifically disclaims possession of any other portion of said plantation. We must here note, that this part of her reconventional demand had not been included in plaintiff's motion to strike out.

We agree with plaintiff, that under these pleadings the title and the possession of the main portion of the plantation were not contested by the defendant and, therefore, ceased to be a part of the matter in dispute, which is thus restricted to the value of defendant's possession of the fifty acres of land, including the dwelling, from October 31st, 1882, to the end of that year, and to the claim of five hundred dollars damages.

Under her pleadings she owed no rent for the use of the property in question, and hence, in the absence of any evidence of the value of two months' occupation, and enjoyment of the same, we have no data to rest an opinion as to the pecuniary value of that part of her demand.

Hence, it follows that under the pleadings the amount in dispute involved in defendant's second appeal is not sufficient to give us jurisdiction, and that her appeal cannot be maintained.

It is, therefore, ordered that the two appeals taken in this case by defendant be dismissed at her costs.

Rehearing refused.