The opinion of the court was delivered by
Nicholls, C. J.
Alleging that on the 25th of October, 1889, he had purchased from C. Harrison Parker, State Tax Collector of the First *1378 District of the city of New Orleans, certain property'in that district fully described in the act of sale of the same, passed before Lloyd Posey, notary public; that that property was worth more than two thousand dollars and that he desired to be placed in actual possession thereof, the plaintiff, Charles Genella, obtained an order from the judge of Division “C” of the Civil District Court that a writ of possession issue in his favor as prayed for. The application and order were based upon the provisions of Act No. 80 of 1888.
Before the writ was executed, one Frank A. Grunow filed a petition in which he alleged that he was the legal occupant and possessor for more than one year of a lot of ground in the First District of New Orleans, in square bounded by Melieerte, Magazine, Coliseum and Barthelemy-streets, designated by the letter “B,” in a plan by Joseph Pilie, April 26, 1833, deposited in the office of Felix DeArmas, notary in said city, which lot measures 31 feet 11 inches and two lines front on Coliseum street by 127 feet 10 inches and four lines deep between parallel lines, and which property was purchased by Miss Catherine Neidergang from Mrs. Henry L. Keely by act before H. B. Cenas, late notary, on the 27th of December, 1855,. and registered in the recorder’s office of New Orleans in book 69-, folio 528: that, at the instance of Charles Genella, he has been served in these proceedings with a writ of possession ordering him to vacate said premises; that said Genella claims to have purchased said property from C. H. Parker, tax collector, under Act 80 of 1888, which allegation he specially denies. He avers that said property has never been assessed; that said property was never adjudicated to the State; that said property was never advertised for sale under Act No. 80 of 1888, or under any other act; that the adjudication to Genella was of lot 26 in said square, and that said Genella fraudulently had the description of above described property inserted in-the deed to him, when said property was never advertised; that in the event the foregoing is overruled, and only in that event, and in the alternative, he alleges that in the alleged proceedings to enforce the payment of the alleged taxes for 1880 to 1883 on said property, under which proceedings it is claimed that said property was adjudicated to the State, the law in reference to the advertisement of said property was not complied with and said property was not advertised as required by law, and the State therefore has acquired no title to said property; that Catherine Neidergang was not the owner *1379 of said property in 1880 or any subsequent year; that during 1880, or any subsequent year, there was no such person living as Catherine Niedergang or Neindergang, and that all alleged assessments and all advertisments in her name are absolute nullities and bind no one, and all proceedings under said name are absolute nullities.
That by Article 210 of the Constitution the State is forbidden to acquire property for taxes; that the alleged adjudication and sale of said property is nothing more or less than a forfeiture of said property after a mere advertisement thereof; that to constitute a sale there must be a seller and a buyer; that in said alleged adjudication the State appears as the seller, selling or adjudicating the property to itself; that such adjudication is in fact and in law a forfeiture of property, which is prohibited by said Art. 210; that Act 77 of 1880 and Act No. 96 of 1882, in so far as the same provide for the adjudication of property to the State, is null and void, being in conflict with said Article 210, and all proceedings under said acts leading up to the alleged adjudication of property to the State are absolutely null and void. That there is no authority in the Constitution or in the laws passed in pursuance thereof providing for or authorizing a sale or adjudication to the State for taxes; that in the absence of a law authorizing an adjudication to the State the tax collector exceeded his powers in adjudicating said property to the State for taxes; that said property was not advertised the number of times required by nor under the provisions of said Act No. 80 of 1888; that said property was not advertised for thirty days as required by said Act 80 of 1888, and even without being advertised once a week. He further averred that the State is estopped from treating and from selling said property as property belonging to the State for the reason that the State has never assessed said property as State property according to law, but has treated said property as property belonging to individuals and not to the State, and has continued to assess said property from the date of the registry of the alleged sales to the State in the names of parties who claim to be owners thereof, and the State has charged and received taxes on said property under said assessments in the names of individuals for years subsequent to its alleged acquisition of said property.
He further averred that said property was not adjudicated to the State for the amount of the taxes, interests and costs claimed to be due only by said property. He prayed that a writ of injunction is *1380 sue restraining Genella and the civil sheriff from proceeding under the writ of possession and from interfering with him in the legal ■occupancy of said property; that Genella be cited, and that after due proceedings the injunction be perpetuated and that he (Grunow) be •decreed to be the legal occupant and possessor of said property free from interference on the part of Genella.
A writ of injunction issued as prayed for; Genella filed an answer ■to the injunction, pleading the general issue,-_and further answering said he denied specially that any informalities or illegalities exist in .any of the proceedings under and by virtue of which he acquired title to said property ;jthat it is of a value exceeding $2000; that ■Grunow has been in possession thereof against the will of petitioner (Genella) by reason of his defences by injunction for a period of time exceeding two years; that the monthly rental value of said property was fully $20 a month, making a total of rents due petitioner by said Grunow and his sureties, together with $250 for counsel fees — he prayed that he be decreed the legal owner of the prop■erty and entitled to full possession thereof, with the rents and revenues therefrom, as against the said Grunow and his sureties, in the sum of $20 per month from the 26th October, 1889, until paid, with $250 counsel fees and all costs, and that the injunction be dissolved.
. The case having gone to trial the District Court rendered a judgment in favor of plaintiff in injunction, perpetuating the injunction and recognizing and decreeing Grunow to be the legal occupant and possessor free from all interference on the part of Genella of the .property described in the petition of injunction.
Genella has appealed.
The evidence shows that on the 27th December, 1855, Miss Gath erine Neidergang purchased, by act before Cenas, notary, from Mrs. Sarah E. French, wife of Henry L. Keller, a certain lot of ground with all thebuildings and improvements thereon, situated in the First District of New Orleans, in the square bounded by Melicerte, Magazine, Ooliseum and Barthelemy streets and designated by the letter “ B ” on a certain plan drawn by Joseph Pilie, surveyor, on the 26th day of April, 1833, and deposited in the office of Felix DeArmas, late a notary public in New Orleans, said lot measuring, in English measure, 31 feet 11 inches and 2 lines front on Coliseum street by 127 feet 10 inches and 4 lines in depth between parallel lines.
Miss Catherine Neidergang, subsequently to this purchase, removed to Switzerland, where in 1869 she married at Geneva one Joseph *1381 Marie Jacquier. She died in Geneva on the 7th July, 1874, leaving-no descendants nor ascendants. She left a will, which was probated in Geneva, but has never been presented for probate in Louisiana.. In this will she declares that she bequeaths without reserve to her-husband the furniture and in a word all the movable effects without exception and all that she possessed in Geneva. She bequeathed' besides to her husband during his natural life “not only the usufructbut the administration (gestión) or control of all I possess in Louisiana, United States, to distribute it to him or them of my relations whom he will consider the most worthy.”
Whether Mrs. Jacquier left collateral relations or not does not appear with certainty. There is no evidence that the husband has attempted to make a selection among them, if such there be, under the-terms of the will.
The lot in question had been for some time prior to the present litigation, and was at its commencement, in the occupancy of Grunow,. the plaintiff in injunction. It is admitted that he occupied the premises as the tenant of Joseph Jacquier at the rate of $5 per month and that one of the conditions of the lease is that he is not to be dispossessed except on six months’ notice.
The plaintiff Genella claims, as we have seen, that the property in question is worth from $2200 to $2500; that Grunow has been in possession thereof against the will of the plaintiff by reason of his defences by injunction for a period of time exceeding (at the time of the filing of the answer) two years; that the monthly rental value of said property is fully $20, for which Grunow is liable, together with $250' counsel fees. The period for which Grunow holds alease is not shown.
The issue between the parties hereto is not the right of ownership, but that of possession. The question of title- could not be adjudicated upon in this ease. See 15 An. 454, Young vs. Chamberlin, and Prescott vs. Payne, 44 An. 658.
The value of the right of property of a thing is entirely different from the value of the right of possession thereof.
The “matter in dispute” in the controversy before us is as to amount below our appellate jurisdiction. Harris vs. Stockett, 35 An. 387.
It is our duty to notice ex proprio motu want of jurisdiction ratione materice, and to dismiss the appeal. It is therefore ordered that the appeal herein be and the same is hereby dismissed.
Rehearing refused.