(89 South. 17)

No. 23480.

## McMAHON v. BRESCH.

(June 15, 1921.)

*(Syllabus by the Court.)*

Courts ☞224(12)—Where amount insufficient to vest Supreme Court with jurisdiction, case will be transferred to Court of Appeal.

Though a plaintiff may claim $10,000 as damages, yet, if it appear from the evidence adduced that in no conceivable view could the amount really involved be sufficient to vest this court with jurisdiction of the appeal, the case will be transferred to the Court of Appeal, and the plaintiff, appellant, ordered to pay the costs of the appeal to this court.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by John R. McMahon against John Peter Bresch. From judgment for defendant, plaintiff appeals. Case transferred to Court of Appeal.

E. M. Stafford and Daniel Wendling, both of New Orleans, for appellant,

E. J. Thilborger and Edward A. Parsons, both of New Orleans, for appellee.

MONROE, C. J. Plaintiff prosecutes this appeal from a judgment rejecting his demand for $10,000 damages alleged to have been caused by defendant's minor son; his allegations upon that subject being, in substance, as follows:

That on two occasions (dates given) the minor placed tacks on the driveway leading to plaintiff's garage, which caused punctures in the tires of plaintiff's automobile, and that he was found guilty of having done so by the juvenile court; that after the trial defendant's wife made ugly and vulgar signs towards petitioner; that the minor has for some time been annoying petitioner, and on a former occasion his parents paid for a pane of glass that was broken in petitioner's house; that the screen on his premises has been broken, glasses are constantly being broken, his bell has been put out of commission, all of which makes it uncomfortable, inconvenient, and annoying for him; and that the minor had been doing these things in order to annoy him, and has been encouraged therein by his mother; wherefore he prays, etc.

Defendant having died after answering, his widow and executrix was substituted in his place. There was a hearing, upon which plaintiff offered evidence and defendant offered none, a judgment rejecting plaintiff's demand, and the appeal therefrom by plaintiff.

It becomes apparent, upon reading the evidence, that the amount really involved herein could in no conceivable view be sufficient to vest this court with jurisdiction of the appeal. It is therefore ordered that the case be transferred to the Court of Appeal, parish of Orleans, the costs of the appeal to this court to be paid by the appellant; other costs to await the judgment of that tribunal.