No. 1964
Second  Circuit  Appeal

W. B. SMITH & CO. v. H. D. LOWE

(April 11, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1.  Louisiana Digest—Courts—Par. 128.
Under Constitution of 1921, Section 29, Article VII, the Court of Appeal has no jurisdiction where the amount in dispute is less than $100.00.

Appeal from Third Judicial District Court of Louisiana, Parish of Bienville, Hon. J. E. Reynolds, Judge.

This is a suit to collect a balance on a promissory note where the amount due was less than $100.00.

Appeal dismissed.

Goff & Barnett, of Arcadia, attorneys for plaintiff, appellee.

F. R. Taylor, Stewart & Stewart, of Minden, attorneys for defendant, appellant.

ODOM, J.    This is a suit on a promissory note which reads as follows:

"$142.78. 3/1 1915.
Oct. 1-1915 after date I promise to pay to the order of W. B. Smith & Co. at Heflin, La.
One hundred forty two & 78/100 dollars with 8 per cent per annum interest thereon from maturity until paid.
Value received. To secure payment of this obligation at maturity I, joined by my wife * * * do hereby especially waive all homestead rights and exemptions guaranteed under Articles 244, 245, 246 and 247 of the Constitution of the State of Louisiana, to the following described property, to wit: 1/10 undivided interest in Chas. Lowe est. Further description of property being waived. H. D. Lowe.
I authorize my wife to sign above obligation.
Attest:
W. B. Smith."

Plaintiff alleged that the defendant was indebted unto it in the amount of this note and interest, less a credit of $25.00, paid December 1, 1916, and less a credit of $45.25, paid October 27. 1917.

Alleging that the defendant was an absentee and that he had mortgaged, assigned and disposed of his property to the prejudice of the petitioner, plaintiff procured the appointment of an attorney to represent the absent defendant, who filed answer.

On the trial of the case in the District Court, there was judgment for the plaintiff reading, insofar as same need be quoted, as follows:

"It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, W. B. Smith & Co. and against the defendant, H. D. Lowe, for the full sum of one hundred forty two and 78/100 ($142.78) dollars, with eight per cent per annum interest thereon from October 1st, 1915, until paid, less the following credits:
Twenty-five ($25.00) dollars, paid Dec. 1st, 1916, forty-five and 25/100 .($45.25) dollars, paid October 27th, 1917."

From which judgment the defendant appealed.

Plaintiff, appellee, has filed a motion to dismiss the appeal on the ground that this court has no jurisdiction *rationae materiae.* This motion must prevail.

A simple mathematical calculation will disclose that the amount in dispute, exclusive of interest, at the time the suit was filed and at the time the judgment was rendered, was less than $100.00, the lower limit of the jurisdiction of this court.

Plaintiff sued for $142.78, with 8% per annum interest thereon from October 1, 1915, until paid, less a credit of $25.00 paid December 1, 1916, and less a credit of $45.25 paid October 27, 1917.

The court gave judgment for said amount, less credit for payments made on the dates stated.

From October 1, 1915, the maturity of the note, until December 1, 1916, the date

the principal, the sum of $11.68, and this on which the first payment, of $25.00, was made, is one year and two months, and interest at 8% per annum on $142.78 for one year and two months is $13.32.

Under Article 2164 of the Civil Code—

"Every payment which does not extinguish both the principal and the interest, must be imputed first to the payment of the interest."

Imputing the $25.00 payment first to the interest, which amounted to $13.32, there was left to apply as a payment on amount deducted from the principal of the debt left a balance of $131.10.

The second payment was made on October 27, 1917, or ten months and twenty-seven days after the first one was made. interest at 8% per annum on $131.10 for ten months and twenty-seven days is $9.52, and applying the $45.25 payment first to the interest there was $35.72 left to apply as a payment on the principal. This amount deducted from $131.10 leaves a balance of $95.38 due on the note.

This, according to the pleadings and the judgment, is the amount in dispute, exclusive of interest. This court has no jurisdiction. See Constitution of 1921, section 29, Article VII.

The appeal is dismissed, appellant to pay costs.