## No. 3311

### Second Circuit

---

## WILLIAMS v. CITY ELECTRIC SHOP INC., and N. P. TANNER, AS MARSHAL

---

(November 8, 1928. Opinion and Decree.)

---

Harry V. Booth, of Shreveport, attorney for plaintiff, appellant.

N. B. Carstarphen, of Shreveport, attorney for defendants, appellees.

REYNOLDS, J. By this action the plaintiff, Mrs. J. A. Williams, seeks to be adjudged the owner of certain radio apparatus seized as the property of Joseph Williams by the defendant, N. P. Tanner, as Marshal, under a fi. fa. issued upon a judgment recovered by the defendant, City Electric Shop, Inc., against Joseph Williams, and to perpetually restrain the defendants from selling the property under the writ. She alleges that the apparatus was donated to her by Joseph Williams and that it has a deep sentimental value not measureable in terms of money. She further alleged that she had been damaged in the sum of $50.00 by the seizure.

A temporary restraining order was issued, and on the hearing as to whether or not a temporary injunction should be granted, the case was tried and submitted on the merits, and there was judgment recalling the preliminary restraining order and rejecting plaintiff's demands and dismissing her suit, and she appealed.

### OPINION

This court is without jurisdiction of an appeal ratione materiae where it does not affirmatively appear from the record that the amount or value involved is more than $100.00 and not more than $2000.00.

Constitution of 1921, article VII, section 29.

And where it does not so appear it is our duty to dismiss the appeal ex proprio motu.

Louisiana Digest, vol. 1, verbo Appeal, section 26.

Plaintiff alleges the property seized to have a sentimental value not measureable in money. Its actual value might be either above our maximum or below our minimum or within our jurisdiction. There is no way for us to ascertain positively and we are not at liberty to make any assumption as to the actual value.

Plaintiff alleges that she was damaged to the extent of $50.00 by the seizure, but this amount alone is not sufficient to bring the appeal within our jurisdiction.

The appeal must therefore be dismissed for want of jurisdiction, and it is so ordered.