(119 So. 66)

No. 29593.

**KLUMP v. FONTENOT, Clerk of Court, et al.**

Nov. 26, 1928.

N. S. Hoffpauir, of Crowley, for appellant.
W. J. Carmouche, of Crowley, for appellees.

OVERTON, J. The purpose of this suit is to cancel on the records of Acadia parish two mortgages against a 40-acre tract of land. The suit is based upon allegations showing that plaintiff purchased the tract of land at tax sale, that he was duly placed in possession thereof, and that, as he acquired the property at tax sale, he acquired it free of all mortgages resting against it at the time of the sale. The defenses to the suit are (1) that plaintiff bid in the property at the tax sale for his sister, who was the tax debtor, and hence that the sale amounted to nothing more than a payment of the taxes, and was therefore null and without effect as against mortgage creditors; and (2), as an alternative defense, that the tax sale is null, because plaintiff chilled the bidding, and thereby made it possible for

him to purchase the entire tract for the taxes due thereon.

The foregoing defenses are set up by the mortgage creditor. The clerk of court, who is the remaining defendant, made merely a formal appearance. There was judgment annulling the tax sale, and rejecting plaintiff's demand, from which he prosecutes this appeal.

■ The defendant, who is the owner of the mortgages involved herein, has moved to dismiss the appeal on two grounds. We need notice only one of these grounds, and that ground is that the amount in dispute is below the jurisdiction of this court.

■ This court is without jurisdiction of an appeal in those instances where its jurisdiction is dependent, which is the case here, on the amount in dispute, when that amount, exclusive of interest, is below $2,000. Constitution, art. 7, § 10. Here the two mortgages, sought to be canceled, added together, are less than $2,000. The value of the land, upon which the mortgages rest, as urged by plaintiff, may be worth an amount in excess of $2,000. However, it is not the value of the land that determines the jurisdiction of this court, in a suit to erase mortgages thereon, but the value of the mortgages, which it is the purpose of the suit to cancel. Nor does the fact that the owner of the mortgages has prayed, in order to preserve his mortgages, that the tax sale which is made the basis for their cancellation be annulled, vest us with jurisdiction, although the value of the land conveyed at the tax sale, and upon which the mortgages rest, may exceed $2,000. It is the principal demand—the one instituted by the plaintiff—which, in this instance, is the demand for the cancellation of the mortgages, that determines the jurisdiction of this court. The demand, made by defendant, 'for the annulment of the tax sale, is an incidental demand. In all cases, where an appeal lies on the main demand, the appeal from a judgment on an incidental demand lies to the court having jurisdiction of the main demand. Constitution, art. 7, § 1; Monjure v. Cousins, 160 La. 208, 106 So. 785. The main demand in this case is appealable, as the amount involved in it exceeds $100, exclusive of interest. However, the appeal lies on it to the Court of Appeal of the First Circuit, not to this court. Const. art. 7, § 29. Therefore the incidental demand to annul the tax sale is within the jurisdiction of the Court of Appeal, and not of this court.

■ While this court is without jurisdiction of the appeal, yet the appeal should not be dismissed for that reason, but should be transferred to the Court of Appeal to be there disposed of according to law.

For these reasons, the appeal herein is transferred to the Court of Appeal of the First Circuit, to be disposed of according to law, the transfer to be made within 30 days after this judgment becomes final, and, if not so made, then the appeal shall be deemed dismissed; plaintiff to pay the costs of appeal to this court, the remaining costs to abide the final determination of the case.