No. 361

First Circuit

DUCHARME v. SMITH

(December 4, 1928. Opinion and Decree.)

Dubuisson, Perrault and Burleigh, of Opelousas, attorneys for plaintiff, appellant.

Gremillion and Smith, of Crowley, attorneys for defendant, appellee.

MOUTON, J. Mrs. Sam Evans died in Basile, Louisiana. While her remains were being carried from that place to Opelousas, for burial, a collision occurred between a Ford touring car belonging to plaintiff and a car of defendant. Plaintiff was riding in his car with his wife and baby. Mrs. Wilson Kelly was driving.

Plaintiff claims forty dollars and sixty cents ($40.60) damages alleged to have been caused to his car by the collision. He asks for judgment for that amount for himself, individually.

In the petition, in which the wife, a daughter of the deceased, is also plaintiff, it is alleged that the funeral procession was delayed an hour on account of the collision, causing great inconvenience and mental anguish to her, for which she claims for herself the sum of one hundred and fifty dollars ($150.00) in damages.

The damages claimed by the two petitioners arose from a fault or quasi offense alleged against defendant. The claim of the husband is for injury to his car, and that of the wife is in the nature of personal injuries which cannot form part of the community, and are recoverable by herself alone. Act 68, 1902; Shield vs. Johnson & Son. Co., 132 La. 773, 61 So. 787, 47 L. R. A. (N. S.) 1080.

These demands, though originating from the same alleged source, are, however, separate and distinct.

That of the husband is for forty dollars and sixty cents ($40.60), and is not of such a character that would give the District Court exclusive original jurisdiction thereof, so as to invest this Court with appellate jurisdiction under Article 7, section 29, Constitution 1921.

This amount being under one hundred dollars ($100.00), the lowest limit of our jurisdiction in ordinary cases, this Court could not be given jurisdiction by cumulating this demand with that of the wife. Alessi vs. Town of Independence, 142 La. 338, 76 So. 792; Hotard et al. vs. Perilloux, 160 La. 752, 107 So. 515.

The claim of the wife is for one hundred and fifty dollars ($150.00). It is asked because of the delay of the funeral by one hour, inconvenience and mental anguish. The effect of the collison, as shown by the record, caused the car in which she was riding, to back in the ditch, and to rest on the axle. She did not suffer a scratch and got out of the auto without serious effort or the slightest injury, with no symptoms indicating a nervous shock or other ill which are usually the result of such accidents.

One of the witnesses said that she was excited after the collision. The fact is that the real issue revolves around the claim of the husband for the damage to his car, and that of defendant, Smith, in reconvention for damages to his auto, which he also claims against plaintiff. In further proof that such was the real issue is the fact that counsel for plaintiffs make no effort in support of Mrs. Ducharme's claim, which, it would seem, was injected in the suit to clothe this Court with jurisdiction for the husband's relief in the event of an adverse judgment.

The demand of the wife is fictitious and inflated, and it is not conceivable from the evidence that the amount involved by the delay and inconvenience she suffered could invest this Court with jurisdiction of the appeal, notwithstanding the amount claimed

in her petition which is not binding on this Court. The evidence controls. McMahon vs. Bresch, 149 La. 319, 89 So. 17; Wagner vs. N. O. Ry. & Light Co., 151 La. 400, 91 So. 817.

Defendant claims thirty-five dollars ($35.00) in reconvention. This demand is obviously directed against Sidney Du-charme, the owner of the car which defendant alleges caused the collision.

As the demand by the husband is dismissed for lack of jurisdiction, the demand of defendant in· reconvention must follow the same fate. Even if defendant's demand could be construed as having any connection with that of Mrs. Ducharme, it would, for the same reason, have to be dismissed.

It is therefore ordered and decreed that the appeals herein taken are dismissed for want of jurisdiction over the subject matter, at the cost of appellant.