No. 2964

Second Circuit

WATKINS v. BEESON ET AL.

(March 12, 1929. Opinion and Decree.)

R. A. Fraser, of Many, attorney for Roy Duggan, Van Vines and W. M. Cooper, defendants, appellees.

Boone and Boone, of Many, attorneys for John J. Beeson, defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. This was a concursus proceeding under Act No. 244 of 1918, but, for reasons hereinafter stated, it is now an ordinary action of debt.

Plaintiff, John L. Watkins, commenced this action in the District Court of Sabine Parish against the defendants John J. Beeson, H. I. Gindratt, Many Motors Company, Inc., Roy Duggan, W. M. Cooper, and Van Vines, and also against the Louisiana Highway Commission and others not parties to this appeal.

He alleged that Beeson had contracted with the Highway Commission to build certain public roads and had performed his contract and had owing to him by the Commission $25,000.00, more or less; that he had performed labor for Beeson in the construction of the roads for which $88.78 and interest was owing to him for which he had and had registered a claim of privilege within the time and in the manner provided by law; and that the other defendant also had registered in the time and manner provided by law claims of privilege for labor performed or material furnished by them in the building of the roads.

And he prayed that the Highway Commission be required to deposit in the registry of the court whatever amount might be owing by it to Beeson and that the various defendants be required to assert their claims against him and the fund in this action and that he have judgment against Beeson for the amount claimed and that his privilege be recognized.

The Louisiana Highway Commission answered that it owed Beeson on account of the work only $2400.00 and it deposited this sum in the registry of the court and was dismissed.

The several defendants answered and set up their claims, but it is only necessary to mention the claims of those who are parties to this appeal, and they were as follows:

H. I. Gindratt, $18.05 and interest.

Many Motors Company, Inc., $63.60 and interest.

Roy Duggan, $46.60 and interest.

W. M. Cooper, $22.30 and interest.

Van Vines, $147.08 and interest.

There was a trial and personal judgment against defendant Beeson in favor of the defendants named for the amounts claimed by them and interest thereon.

In respect of the privilege claimed, the court said that none of the debts sued on was such as to carry a privilege, and the asserted privilege was denied.

The defendant Beeson appealed. None of the other defendants appealed nor did any of them answer Beeson's appeal.

278

## OPINION

Quo ad the judgments in favor of the defendants Gindratt, Many Motors Company, Inc., Roy Duggan, and W. M. Cooper, this court is without jurisdiction of defendant Beeson's appeal, since each of them is for a sum not over $100.00, exclusive of interest.

Section 29, Article VII, Constitution.

Smith vs. Lowe, 2 La. App. 81.

And our want of jurisdiction cannot be waived by the parties.

Edwards vs. Edwards, 21 La. Ann. 610.

And we must take notice, ex proprio motu, of our want of jurisdiction ratione materiae.

Rogers vs. Goldthwaite, 32 La. Ann. 49.

As only the defendant Beeson has appealed and none of the others has answered his appeal, that part of the judgment that denied a privilege is not before this court.

Louisiana Digest, volume 1, page 579, section 588, verbo "Appeal."

And the elimination of the question of privilege from the case also eliminates from it its concursus feature and the action is now an ordinary one of debt.

This leaves for determination only the question whether the personal judgment against Beeson in favor of Vines is supported by the evidence.

Vines' account represents a balance due for the price of gasoline, lubricating oil, tires and other automobile accessories delivered by him to Grant & Brody for account of Beeson. They were subcontractors under Beeson and the materials were used in the operation of automobiles by them in the execution of their subcontract. Vines testified that the account was authorized by Jack Harris and that he made payments on it for Beeson. He also testified that the goods had been furnished at the price charged and that the balance claimed was unpaid. The evidence shows that Beeson did not appear upon the scene of work until the greater part of the building had been done and that Harris was agent on the ground and acted for him. He made up pay-rolls and issued checks in payment for work done or material furnished. Harris authorized accounts in the name of Beeson with other merchants and these other accounts were paid by Beeson.

The District Judge who saw and heard the witnesses testify was of opinion that Vines' account was an indebtedness of Beeson's and rendered judgment accordingly. We find no error in the court's conclusion.

It is therefore ordered, adjudged and decreed that the judgment in favor of Van Vines and against John J. Beeson be and the same is hereby affirmed.

It is further ordered, adjudged and decreed that the appeal of John J. Beeson from the judgments against him in favor of H. I. Gindratt, Many Motors Company, Inc., Roy Dugan, and W. M. Cooper, be and the same is hereby dismissed for want of jurisdiction ratione materiae.