No. 3852

Second Circuit

---

HUGHES v. ARMISTEAD

---

(November 7, 1930. Opinion and Decree.)

---

Jos. W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

W. H. Wamsley, of Coushatta, attorney for defendant, appellee.

DREW, J. Plaintiff sued defendant in what is commonly called the Clerk's Court of Red River Parish for the sum of $50, alleging same to be due under a rent contract, and provisionally seized certain property of defendant that had been removed from the premises rented less than 15 days before the seizure. There was no answer filed and judgment was rendered by the clerk on default in the amount sued for, sustaining the provisional seizure. This judgment was rendered on February 14, 1930. The property provisionally seized was under a writ of fieri facias seized and advertised for sale.

On the day prior to the date the said property was to be sold, defendant filed suit claiming the judgment under execution was a nullity, setting forth various reasons for same being a nullity, all unnecessary to set forth here, prayed for a restraining order and for a rule nisi ordering the plaintiff so show cause why temporay injunction should not issue and finally be perpetuated restraining the sheriff and plaintiff from ever selling the property seized and declaring the judgment to be an absolute nullity; and in the alternative, to hold that the property seized and advertised for sale was exempt from seizure. He further prayed for damages and attorney's fees for the alleged illegal seizure in the sum of $70.

Temporary restraining order was issued by the judge of the lower court until hearing could be had on the rule nisi. After hearing said rule, the lower court rendered judgment granting a temporary injunction, but on trial on the merits rendered judgment rejecting the demands of the plaintiff in rule and dissolving the temporary injunction. From this judgment, the defendant and plaintiff in rule has appealed to this court. The plaintiff and defendant in rule, appellee here, has moved in this court that the appeal be dismissed for the reason that this court is without jurisdiction ratione materiae. The case is before us on this motion.

The amount involved in the suit originally was $50, and that alone will be considered in fixing the jurisdiction of this court. The appellant in his suit to annul the judgment, claimed as attorney's fees and damages the sum of $70, which cannot be considered in deciding the question of jurisdiction. However, if it should be considered, the amount would not be sufficient to give this court jurisdiction.

Article VII, section 29, of the Constitution of 1921, fixes the jurisdiction of the Court of Appeal.

"The Courts of Appeal, except as otherwise provided i this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts."

The district court did not have exclusive original jurisdiction of the case, and in fact the case was filed before the clerk

of court and judgment rendered by the clerk, whose jurisdiction is concurrent with the justice of peace. The amount involved is less than $100 and this court is without jurisdiction ratione materiae.

The appellant has made no appearance in this case, neither has he filed a brief.

It is therefore ordered, adjudged and decreed that the appeal be dismissed, with all costs.