No. 3468

Second Circuit
(Second Division)

———

W. B. SMITH & CO., INC., v. ALEXANDER
(Perritt, Intervener and Third Opponent.)

———

(May 7, 1931.   Opinion and Decree.)

———

John T. Campbell, of Minden, attorney for plaintiff, appellee.

Coleman Lindsey, of Minden, attorney for intervener and third opponent, appellant.

CULPEPPER, J. Plaintiff, under a writ of fieri facias issued out of the Third ward justice court, Red River parish, proceeded by garnishment process issued out of the city court of Minden, Webster parish, to seize in the hands of the police jury of Webster parish a certain claim or warrant of the defendant, P. M. Alexander, in the sum of $150, representing certain lumber sold by defendant to the police jury. Service of the garnishment interrogatories was made on the police jury on September 4, 1928; the police jury answering the same day, admitting the above indebtedness to defendant. On September 7, 1928, one W. L. Perritt came into court by intervention and third opposition, claiming to be the owner of the claim of Alexander against the police jury under an assignment of said claim on August 18, 1928, attaching documentary evidence of his claim of ownership.

Plaintiff filed an exception to the jurisdiction of the court, ratione personae and ratione materiae, wherein it is sought to be made defendant in the intervention and third opposition. Plaintiff also filed an exception of no right or cause of action against intervener, after its plea to the jurisdiction had been overruled by the court.

The exception of no right or cause of action was tried and sustained, and the intervention and third opposition dismissed. From the judgment of dismissal, intervener prosecutes this appeal.

It will be noted that the judgment upon which plaintiff secured the issuance of the fi. fa. is for the principal sum of $82.78. This being the case, this court, we think, is without jurisdiction, since the amount claimed by the plaintiff in the suit does not exceed $100, exclusive of interest, as provided by article 7, sec. 29, of the Constitution, fixing appellate jurisdiction in Courts of Appeal. Perhaps appellant, who is the intervener, is under the impression that the amount claimed by him, $150, gives this court jurisdiction. Such is not the case, however.

In State ex rel. Seymour, Liq., v. Judges, 34 La. Ann. 1046, the court, in passing upon a similar case, said:

"In a contest over a fund in the hands of the sheriff * * * the Circuit Courts have no jurisdiction if the demand of plaintiff exceeded one thousand dollars, although the amount claimed on intervention or third opposition be less than one thousand dollars. In such cases, the jurisdiction of the appellate tribunal must be tested by the amount claimed by plaintiff, and not by the claim of third opponent or intervener."

Cases cited are Alter v. O'Brien, 31 La. Ann. 452; Picard v. Wade, 30 La. Ann. 625.

While no motion to dismiss the appeal has been filed, this court is bound to take cognizance of its want of jurisdiction. The appeal is therefore dismissed, at appellant's cost.