Under the facts of the case, if the railways company cannot be held liable, of course it is obvious the electric company cannot be held.

For the reasons herein assigned, and as signed by the Supreme Court in its opinion on application of Shreveport Railways Company for writ of review, reported in 174 La. 1023, 142 So. 252, our former judgment against the Southwestern Gas & Electric Company is annulled and set aside, and the judgment of the lower court in its favor is affirmed.

MILLS, J., recused.

## SOUTHERN FURNITURE CO. v. MEAD et al.
### No. 4426.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

Hoye Grafton, of Shreveport, for appellant.

Edward Barnett, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff obtained a temporary restraining order from the district court of Caddo par-

ish, to prevent a sale of certain furniture by the marshal of the city of Shreveport in the suit of B. A. Mead v. Mrs. Francis Hoover, on the docket of the city court of that city. A rule to show cause why a preliminary injunction should not issue was prayed for and granted. Plaintiff asserted a privilege on the seized furniture superior, in its opinion, to that claimed by defendant Mead. A motion was filed by Mead to dissolve the restraining order on several grounds, and in this motion certain damages resulting from the unlawful issuance of the restraining order, including attorney's fee for services rendered in securing dissolution of the order, were set up and judgment for same prayed for.

After the restraining order had expired by over thirty days, the motion to dissolve was tried and sustained, but the prayer for attorney's fee was rejected. The other item of damage was allowed. Defendant appealed from this judgment.

In this court plaintiff concedes the correctness of the judgment and asks that it be affirmed. Defendant only complains of the judgment rejecting his claim for $100 attorney's fee. Therefore, the only open issue between the parties is this fee.

■ In the motion to dissolve the restraining order defendant alleges "he has been damaged in the full sum of one hundred dollars as the reasonable fee of his attorney in obtaining the dissolution of the said restraining order." The only evidence offered to support this allegation is the testimony of a member of the Shreveport bar. In his opinion a fee of from $50 to $100 would be reasonable. However, he further testified that he was presently seeking to dissolve a writ of attachment under which property of the value of $600 was seized, and was asking for a fee of only $50 for his services. Defendant Mead did not testify in the case. His allegations do not disclose that he had paid any fee to his counsel, nor is it shown anywhere in the record that he has promised to pay a fee of $100, or any other amount. So far as the record discloses he has not obligated himself to pay any fee.

In view of the testimony in this record, it is clear the lower court could not have allowed a fee for defendants' counsel for services rendered in dissolving the restraining order for as much as $100, even if it be granted that a fee of any amount could have been lawfully allowed.

We are not impressed with the seriousness of the claim of defendants for this fee, and his failure to support the claim, to any extent, by his own evidence creates a serious doubt in our minds that there is any obligation on his part to pay any fee at all.

■ Be that as it may, it is obvious that the amount of this alleged counsel fee has been inflated, possibly to give this court jurisdiction. It has been repeatedly held that wherever the matter in dispute appears to be under the lower limit of the jurisdiction of the appellate court, although the allegations and prayer of the petition disclose a greater amount, the claim will be treated as not serious and as designedly inflated and fictitious for jurisdictional purposes. When such conditions are found to exist, the court will dismiss the appeal ex proprio motu. Wagner v. N. O. Ry. & Light Co., 151 La. 400, 91 So. 817; Bright v. Thompson, 38 La. Ann. 801; Pinckney v. Wolf, 41 La. Ann. 306, 6 So. 27; Lea v. C. A. Orleans, 46 La. Ann. 1444, 16 So. 456; Williamson v. Ruston Steam Laundry, 17 La. App. 141, 134 So. 720.

For the reasons assigned, this appeal is dismissed, at cost of appellant.