## SOUTHLAND INV. CO., Inc., v. MICHEL.

### No. 4637.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

582

See, also, 149 So. 177.

Herold, Cousin & Herold, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

DREW, Judge.

The Triangle Machine Company transferred to the Southland Investment Company certain property usually used in a machine shop, in payment of a note in the amount of about $275 held by Southland Investment Company against the Triangle Machine Company. Some time after the transfer was made, Mrs. Lucille K. Michel executed on a chattel mortgage she held against said Triangle Machine Company, alleging that it covered the property transferred to the Southland Investment Company, and seized and advertised for sale this property.

Southland Investment Company filed proceedings to enjoin the sale, alleging ownership, and prayed for damages in the sum of $100 for loss of possession of the property, and $100 for alleged amount of attorney's fees it had agreed to pay its attorney to bring the suit. The property was alleged to be of a value in excess of $100.

After trial, the court rendered judgment decreeing Southland Investment Company to be the owner of the property, sustaining the preliminary injunction, and making it permanent. It further decreed that Southland Investment Company have judgment against Mrs. Michel in the sum of $50 as attorney's fees. From this judgment, Mrs. Michel appeals.

Appellee has filed in this court a motion to dismiss the appeal for the reason that the amount in dispute is under the amount required to give jurisdiction to this court. Appellant, in her brief, states: "From this judgment defendant has prosecuted a suspensive and devolutive appeal to this Court solely on the latter ground, namely, the allowance of attorney's fees."

Appellant concedes the correctness of the judgment, as does the appellee, in all respects except as to attorney's fees. Therefore, the only open issue between the parties is the fee of $50 allowed by the lower court.

■ The attorney's fees prayed for in the suit were $100. The value of the property sought to be enjoined is shown by the record to be something more than $100. The only proof of attorney's fees was by one witness who valued the services rendered at $50. There is no evidence by the plaintiff that it had agreed or was bound in any amount for attorney's fees. Therefore, under the evidence, the greatest amount that could have been awarded by the lower court as attorney's fees was $50. While it is true the courts are not bound, in fixing attorney's fees, by the testimony of lawyers as to the value of the services, they are, nevertheless, guided to some extent thereby. And no court could have in conscience allowed a greater amount for attorney's fees in a case involving no more than was involved in this case.

■ The amount in dispute determines the jurisdiction of the court, and it is not bound to accept allegations as to the amount in controversy, but will look into the record to ascertain the real amount in dispute. Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817; Ducharme v. Smith, 9 La. App. 264, 119 So. 268; Southern Furn. Co. v. Mead (La. App.) 146 So. 341; Williamson v. Ruston Steam Laundry, 17 La. App. 141, 134 So. 720.

■ The real amount of damages as attorney's fees in dispute in the lower court was less than $100, and, therefore, this court is without jurisdiction.

The motion to dismiss the appeal is sustained, and the appeal taken by the appellant is dismissed with costs.

MILLS, J., recused.