### LAWSON v. MOST WORSHIPFUL EUREKA GRAND LODGE, FREE AND ACCEPTED MASONS. *

No. 5346.

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1937.

*Rehearing denied Feb. 5, 1937.

Isaac Wahlder, of Alexandria, for appellant.

L. R. Provosty and R. B. Saddler, Jr., both of Alexandria, for appellee.

DREW, Judge.

Plaintiff instituted this suit for the sum of $300 with 6 per cent. per annum interest from November 18, 1935, until paid, under an alleged policy of insurance. At the beginning of the trial, defendant admitted owing plaintiff $200, and, after tendering that amount, which was refused, it deposited in the registry of the court the $200.

After trial was had, there was judgment for plaintiff in the amount of $200 and costs up to the time of tender. From this judgment plaintiff has appealed, praying that the judgment be increased to $300, with interest.

In this court defendant has filed a plea to the jurisdiction ratione materæ, for the reason that the amount in dispute is not in excess of $100, exclusive of interest and costs.

The jurisdiction of the Court of Appeal is fixed by the Constitution of 1921, art. 7, § 29, and is as follows:

"Original and Appellate and Concurrent Jurisdiction.—The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts."

This is not a suit in which the district court had exclusive original jurisdiction. The suit was filed and tried in the district court of Alexandria, Rapides parish, La. In that city there is a city court with a jurisdictional limit of $300 in civil matters. It therefore follows that the city court of Alexandria had concurrent jurisdiction with the district court in this case. In the case of Davis v. Hawthorne, 16 La.App. 172, 133 So. 532, this court held it was without jurisdiction in a case where the main demand was for $100. In that case there is cited the following authorities: Harper v. King, Gunby's Dec. 64; Todd v. Shreve-

port Producing & Refining Corporation, 7 La.App. 120; Burt v. Allen, 11 La.App. 290, 123 So. 409; Albany Farm Bureau, etc., v. Cogley, 11 La.App. 297, 123 So. 395, 396.

For other cases holding the same, see W. B. Smith & Co. v. Lowe, 2 La.App. 81; Williams v. City Electric Shop, 9 La.App. 223, 119 So. 887; Ducharme v. Smith, 9 La.App. 264, 119 So. 268; Watkins v. Beeson, 10 La.App. 276, 120 So. 705; Hughes v. Armistead, 14 La.App. 646, 130 So. 668; Smith & Co., Inc., v. Alexander, 16 La. App. 282, 134 So. 276.

■ Appellant urges that the amount of the main demand, plus the costs, amounts to more than $100 and that the costs should be considered in arriving at the amount. This position is untenable, for the reason that the costs are only incidental to the main demand, and it is only when we have jurisdiction over the main demand that we have jurisdiction over the incidental demand. Klump v. Fontenot, 167 La. 327, 119 So. 66; Crichton v. Krouse (La.App.) 150 So. 443.

Only the main demand should be considered for jurisdictional purposes.

■ It therefore follows that, since the main demand at the beginning of the trial below and at the time of judgment was only $100, this court is without jurisdiction ratione materiæ of the appeal, and the judgment of the lower court is final. However, we are of the opinion that a different situation might exist if this appeal were from a jurisdiction where there is no city court and where there is only a justice of peace court, for the reason that the Constitution of 1921, art. 7, § 35, defining the jurisdiction of district courts, reads as follows:

"The District Courts, except in the parish of Orleans, shall have original jurisdiction in all civil matters regardless of the amount in dispute, or the fund to be distributed, concurrently, however, with justices of the peace in matters where the amount in dispute, or fund to be distributed, is less than one hundred dollars, exclusive of interest; and in all cases where the title to real estate, or the right to office, or other public position, or civil or political rights are involved, and in all cases where no specific amount is in contest, except as may be otherwise provided in this Constitution. District Courts shall be courts of record, except in cases where they have concurrent jurisdiction with justices of the peace."

Under this paragraph of the Constitution, the district courts would have exclusive original jurisdiction of all suits for $100, wherever the locality was without a city court, and, if such were true, a suit for $100 would be appealable to this court.

It therefore follows that the appeal in this case is dismissed, at appellant's cost.