### GRANIER v. BOURGEOIS.
#### No. 1982.

Court of Appeal of Louisiana. First Circuit.
June 6, 1939.

Writ of Certiorari Denied July 14, 1939.

For former opinion, see 188 So. 423.

Carroll Montet, of Thibodaux, for appellant.

Francis L. Knobloch, of Thibodaux, for appellee.

PER CURIAM.

In the application for rehearing in this case it is stated that the jurisprudence of

this Circuit Court of Appeal was established with respect to a husband and wife joining in one suit in the case of Ducharme et ux. v. Smith, 9 La.App. 264, 119 So. 268, in which it was held that their claims could not be joined because they were separate and distinct.

That case had not been called to our attention before and we did not find it in connection with our investigation of the jurisprudence on the exception of misjoinder of parties plaintiff in this case. That may well have been because in the cited case joinder of the parties plaintiff was not at issue before the court. It was disposed of in this court on a question of jurisdiction, the court holding that it was necessary to cumulate the claims of the husband and wife in one action in order to vest this court with jurisdiction as to amount, and as this could not be done, the two claims being separate and distinct, jurisdiction had to be declined and the appeals were accordingly dismissed.

The effect of the court's ruling in that case may in some respect be said to have a bearing on the question at issue in the exception in this case for, if a husband and wife are not permitted to cumulate their demands growing out of the same alleged source against a common defendant, it might seriously be urged that likewise they should not be permitted to join as parties plaintiff in one suit against that defendant.

Whatever bearing the decision may have on the question at issue in the present case however must, in our opinion, be disregarded for the reason that the ruling of the court in that case is in apparent conflict with that of the Supreme Court in the case of La Groue v. City of New Orleans, 114 La. 253, 38 So. 160, 161, in which the court had under consideration a motion to dismiss the appeal based on the very same ground on which the appeal was dismissed in Ducharme et ux. v. Smith, supra.

In the La Groue case a husband and wife had joined in the same petition to sue the City of New Orleans and an individual, in solido, for damages. The claim of the wife was for $2100 for personal injuries and that of the husband $225 for medical and other expenses incidental to his wife's treatment There was judgment in the district court against both defendants in solido, in favor of the husband for the full amount of his demand and in favor of the wife for $300. Both defend-

ants appealed and the husband then moved for the dismissal of the appeal as far as he was concerned on the ground that the Supreme Court was without jurisdiction ratione materiae. In overruling the motion the court stated:

"The demand of Melville La Groue is for $225, founded, however, on the same cause of action as the demand of his wife for $2,100, which, under Act 68, p. 95, of 1902, is her separate, individual property. In Bowman et al. v. City of New Orleans, 27 La.Ann. 501, the court held that where several plaintiffs united in one suit, for convenience and economy, against the city of New Orleans, for damages arising from one and the same cause, the total amount prayed for in the petition was the test of the jurisdiction of the Supreme Court. See, also, Armstrong v. R. Company, 46 La.Ann. 1448, 16 So. 468. In Clairain v. Telegraph Company, 40 La.Ann. 178, 3 So. 625, this court held that the claims of the widow and of the minor children for damages resulting from the death of the deceased were properly presented in a single suit, because arising from the same cause; citing Riggs v. Bell, 39 La.Ann. [1030], 1031, 3 So. 183, holding that, although defendants may have distinct defenses, they may be brought in together to defend the suit, 'where the causes have a cognate origin, and they have a common interest to be adjudicated upon.' In the latter case the court said:

" 'The law abhors a multiplicity of actions, and favors the institution of suits against all defendants who may be liable for the same original cause, and who may have an interest to resist a plaintiff. "Interest reipublicæ ut sit finis litium." '

"For the same reasons, the joinder of plaintiffs is allowable under similar circumstances, and, where they so join, the defendant should not be required to take a multiplicity of appeals. * * *"

See also Sandlin et ux. v. Coyle, 143 La. 121, 78 So. 261, L.R.A.1918D, 389, in which the Supreme Court followed this same ruling on the authority of the La Groue case.

■ It would seem impossible to reconcile the decision of this court in Ducharme et ux. v. Smith, supra, with the decision of the Supreme Court in those two cases and in view of the conflict which exists the decisions of the Supreme Court must necessarily prevail.

The language of the court which we have quoted from the La Groue case moreover, in our opinion, gives added strength to our decision in the present case on the exception of misjoinder.

We have carefully considered all other points raised in the application for rehearing and as we remain convinced of the correctness of our decision on all points involved in the case the application is denied and rehearing refused.