Defendant has perfected this appeal from a judgment evicting him from the premises 4404 St. Peter Street in the City of New Orleans. The suit is brought under the provisions of Act No. 298 of 1938, and it is alleged in the petition that there is no relationship of landlord and tenant between plaintiff and defendant, and that defendant's occupancy is illegal, and he has refused to move despite written notice to vacate.
The judgment appealed from was rendered after a trial on the merits. Plaintiff has filed a motion to dismiss the appeal, grounded upon the alleged reason that this court is without jurisdiction ratione materiae, as the value of the right of occupancy of the premises is in excess of $2,000.00, our maximum jurisdictional amount under Const.1921, Art. 7, secs. 10, 29.
[1] It is well settled that where the suit is for possession of realty, the value of the right of occupancy, and not the value of the property, is the test of jurisdiction. In re Genella, 45 La. Ann. 1377, 14 So. 302; Norwood v. Wimby,104 La. 645, 29 So. 311, and cases therein cited.
The petition alleges that plaintiff has leased both 641 North Alexander Street and 4404 St. Peter Street to one Jean C. Rider for a period of five years beginning October 1, 1947. Plaintiff testified that the lease stipulates that the rent is $100.00 per month.
It is appellee's contention that the Rider lease, which covers both 641 North Alexander Street and 4404 St. Peter Street for a period of five years, should be used as the criterion for establishing the valuation of the use and occupancy.
The defendant testified that he occupies 4404 St. Peter Street by virtue of an arrangement with a former lessee, and that his rental is $20.00 per month. Appellee has pointed to nothing in the record which tends to show what the use and occupancy of 4404 St. Peter Street alone is worth, and the only evidence on that point is that of the defendant, which is mentioned above.
In Southland Investment Company, Inc., v. Michel, 150 So. 581, 582, the Court of Appeal for the Second Circuit said:
"The amount in dispute determines the jurisdiction of the court, and it is not bound to accept allegations as to the amount in controversy, but will look into the record to ascertain the real amount *Page 428 
in dispute. Wagner v. New Orleans Ry. Light Co., 151 La. 400, 91 So. 817; Ducharme v. Smith, 9 La. App. 264, 119 So. 268; Southern Furn. Co. v. Mead, La. App., 146 So. 341; Williamson v. Ruston Steam Laundry, 17 La. App. 141, 134 So. 720."
[2] The law is to the effect that the rental value which would be due by defendant for the use of that part of the property occupied by him should form the basis for fixing the jurisdictional amount. Slawson v. Meggett et al., 22 La. Ann. 272; Harris v. Stockett, 35 La. Ann. 387; In re Genella, supra; Babst v. Hartz et al., 1 La. App. 498.
In Harris v. Stockett, supra, plaintiff sued for possession of a plantation, only a part of which was occupied by defendant who disclaimed possession of any other portion of the land. The Court said:
"We agree with plaintiff, that under these pleadings the title and the possession of the main portion of the plantation were not contested by the defendant and, therefore, ceased to be a part of the matter in dispute, which is thus restricted to the value of defendant's possession of the fifty acres of land, including the dwelling, from October 31st, 1882, to the end of that year, * * *.
"Under her pleadings she owed no rent for the use of the property in question, and hence, in the absence of any evidence of the value of two months' occupation, and enjoyment of the same, we have no data to rest an opinion as to the pecuniary value of that part of her demand."
[3] Assuming that the value of the use and occupancy of 4404 St. Peter Street is $20.00 per month as defendant testified, the amount involved in this suit is less than $2,000.00, and this court is vested with jurisdiction. The motion to dismiss the appeal is, therefore, denied.
Motion denied. *Page 511